## ADAMS *vs.* ADAMS.

[PETITION BY WIDOW FOR ALLOTMENT OF DOWER.]

1. *Election by widow between testamentary and statutory provisions; jurisdiction of probate court.*—Where a widow is compelled to elect between the provision made for her by her husband's will and her statutory rights as dowress and distributee, and makes her election to take under the will, she cannot afterwards recover dower in the probate court, on offering to restore what she has received under the will: if the election was unadvisedly made, her only remedy to avoid it is in equity.

2. *Pleading to amended complaint or petition.*—Where the complaint (or petition in the probate court) is amended, the defendant may demur to it, or plead anew, without withdrawing, or asking leave to withdraw, his pleas to the original complaint.

APPEAL from the Probate Court of Dallas.

IN the matter of the petition of Mrs. Aritta M. Adams, for an allotment of her dower in the real estate of which her deceased husband, John Adams, died seized and possessed. The original petition was filed on the 1st April, 1862, and was contested by the executors and legatees under the decedent's will. On the trial of the cause, at the June term, 1862, the probate court rendered a decree in favor of the petitioner; but its decree was reversed by this court, on appeal by the contestants, at its January term, 1864, and the cause was remanded.—See the report, *ante*, pp. 274–82. At the December term, 1864, after the remandment of the cause, the petitioner asked leave to amend her petition, and the amendment was allowed, consisting of the addition of the following averment: "And your petitioner further shows, that she received the legacy given her by the will of her said husband, with the exception of $250, which she tenders to the court, or the contestants, with the exception of a negro who died in her possession, named Kissie; and she tenders the reasonable value of said slave." The contestants, "without withdrawing their pleas in bar to the original petition, or asking leave of the court to withdraw the same," (as the judgment-entry recites,) demurred to the petition as amended, and assigned the following grounds of demurrer: "1st, that said amendment is, on its face, an admission that the plaintiff has no right in this court; 2d, that plaintiff shows, by said amendment, that this court has no jurisdiction; and, 3d, that plaintiff shows, by said amendment, that she has already made an election of the legacy in lieu of dower." The court sustained the demurrer, and dismissed the petition; and its decree is now assigned as error.

GEO. W. GAYLE, for the appellant.

F. S. BLOUNT, and T. B. WETMORE, *contra*.

STONE, J.—We think that, under the decision pronounced in this case when it was before us at a former term, the probate court has no jurisdiction of the question

raised by the petition. Speaking of the claim made by the petitioner, we then said, "Having made an election, she must abide by it as long as she retains the legacy which she has received. If she has been defrauded, or if she has made an unadvised election, her remedy is in equity, to obtain relief upon the restoration of the benefit she has taken under the will." In the amended petition, after stating that her deceased husband had left a will, which was duly admitted to probate, and letters testamentary granted thereon, the petitioner avers, " that she received the legacy given her by the will of her said husband, with the exception of $250, which she tenders to the court, or the contestants, with the exception of a negro who died in her possession, named Kissie, and she tenders the reasonable value of said slave." The plain construction of the petition as amended is, that Mrs. Adams took under the will, to the extent of the legacy therein bequeathed to her, except $250 ; and that she retained such legacy in her hands, at the time she filed her petition. This makes the precise case in which we said, in our former opinion, " if she has been defrauded, or if she has made an unadvised election, her remedy is in equity." She certainly has made an election, and has received and still holds the fruits of that election. Until the property is restored, she cannot have her legal dower and distributive share allotted to her. She cannot take both under and against the will.—*McReynolds v. Jones*, 30 Ala. 101. In a case like the present, it is manifest that, if the dowress has, unadvisedly, or by fraud, been drawn into a premature election, the court of probate is not clothed with the requisite power and machinery to do equity between the parties, and to do justice to her and the parties in adverse interest. Her remedy, if she has any, is alone in equity.

In what we have said, we look alone to the averments of the petition. The proof which was made on the first trial, and which was found in the record when it was before us at a former term, is not in this record. Hence, it is not for us to say whether Mrs. Adams can obtain relief in any court.—See *Adams v. Adams*, at January term, 1864.

[2.] When the petition was amended, it presented a new

complaint, or cause of action, to which the respondent or defendant was authorized to plead anew, irrespective of the state of the pleadings to the original complaint; and this, without withdrawing, or asking leave to withdraw, his pleas to the original petition. The amended petition was not the original petition, to which those pleas were appli-- cable. This case is not governed by the principle settled in the cases of *Gayle v. Smith*, Minor, 83; and *Taylor v. Rhea, ib.* 414.

Judgment of the probate court affirmed.