## BLUDWORTH & WIFE *vs.* WHITE, Adm'r.

[MOTION TO REVIVE DECREE OF PARTIAL DISTRIBUTION.]

1. *Probate court—final settlement—partial distribution.*—The probate court, upon application, appointed a day for administrator to make final settlement, but turned it into a partial distribution, without any application for that purpose, either by the administrator, or the distributees, and a decree was rendered, in favor of the latter, for their distributive shares,—*held*, that the proceeding was without authority of law, and the decree void.

Appeal from the Probate Court of Barbour.

Proceeding by petition to revive a decree of partial distribution. The petition was filed on the 6th September, 1867, by J. D. Bludworth and his wife, Emily. The case made by the petition and answer, is as follows: On the 13th day of August, 1860, it being the 2nd Monday of August, John C. White, administrator of John Crew, deceased, the father of said Emily, appeared in said court to make a final settlement of the estate, that being the day set for that purpose, and it appearing that there were matters pending which prevented a final settlement of the estate, the settlement was "turned into an annual settlement and partial distribution." It was found that said Emily was entitled to $198 47 as her distributive share,

but as the administrator had been garnisheed for this amount, he held it to await the termination of the garnishment proceedings. The petition allegs that these proceedings had long since been abandoned, and that the administrator had never paid over the amount of the decree. The court dismissed the petition, and this action is now assigned for error.

JOHN A. FOSTER, for appellant.—1. The evidence discloses the fact, that the partial distribution was made on the 13th day of August, 1860. The decree shows that the final settlement, offered by the administrator, which was turned by the court into an annual settlement and partial distribution, contained representations by the administrator that the estate was solvent, and that the order of distribution was obtained at his instance, and he can not therefore object to it now, whether it be prematurely made or otherwise.—*McReynolds vs. Jones*, 30 Ala. 101 ; *Ex parte* Edward Henry, 24 Ala. 638.

2. Upon an application to revive a judgment or decree, the only question which can be raised is whether said judgment or decree has been satisfied, (Code, § 2830), and the burden of proof is on the defendant.—*Shelby vs. Graves*, 29 Ala. 385, and authorities cited.

3. When a judgment or decree is made against an administrator, requiring him to pay money to a distributee, it becomes personal, and an execution against him is against him personally, and not in his representative capacity only.

BYRD, J.—1. There is no statutory authority upon which the decree of distribution, made on the second Monday in August, 1860, can be sustained. It does not appear from the record that any application for a partial distribution was made by the personal representative, as authorized by section 1771 of the Code then in force, (Revised Code, § 2097), nor by the parties named in section 1778 of the Code, (Revised Code, 2105). And the court of probate has no authority in law for turning an application by the administrator for a final settlement of the estate, into a

partial distribution thereof, in the absence of any application by the personal representative or the distributees.— *Weaver et al. vs. Gardner*, at the January term, 1868; *Wyatt's Adm'r vs. Rambo*, 29 Ala. 510.

We therefore hold that the decree of 1860 is void, and the court below properly dismissed the application of appellants.

Affirmed.