# Eastburn, *et al. v.* Canizas.

## *Final Settlement.*

(Decided June 10, 1915. 69 South. 459.)

1. *Courts; Jurisdiction; Other Courts.*—Where the jurisdiction of a court, and the right of plaintiff to sue therein once attaches, such right cannot be arrested or taken away by proceedings in another court, as a general rule.

2. *Same; Probate Court; Final Settlement; Jurisdiction.*—Where the testator died without children and the estate consisted wholly of personal property, and the will bequeathed a thousand dollars to each of testator's five sisters, and the balance to the wife, who was made executrix, and such widow duly filed her dissent from the will, and the legatees thereafter sued the widow as such execu-

trix to compel payment of their legacies and pending such the widow, as executrix, filed her account for final settlement of such estate, the probate court having original jurisdiction over the administration, and the widow being entitled to all of the personal estate on distribution, such court might retain jurisdiction and order the settlement and distribution of the estate, notwithstanding the pending suit. (Reviewing sections 2810, 3763. and 6168-9, Code 1907.)

3. *Wills; Election; Dissent by Widow.*—The fact that the widow filed the will for probate, and by its terms was appointed executrix, and proceeded with the administration thereof, or that she stated that the legatees would receive something under the will, did not affect the force of her dissent therefrom, where she properly filed written dissent from the provisions of her husband's will, and the distribution of his estate therein made, as permitted by sections 6168-9, Code 1907.

APPEAL from Mobile Probate Court.

Heard before Hon. PRICE WILLIAMS.

Zoe Canizas, as executrix of the last will of Manuel Canizas, filed her petition for a final settlement of her estate, with objection and contest by Rose C. Eastburn and others. From a judgment granting final settlement, contestants appeal. Affirmed.

GREGORY L. & H. T. SMITH, for appellant.

STEVENS, McCORVEY & McLEOD, for appellee.

GARDNER, J.—One Manuel Canizas, now deceased, left a last will and testament, which was duly probated in the probate court of Mobile county, Ala., on May 23, 1913, and by the terms of the will he bequeathed the sum of $1,000 to each of his five sisters and the balance of his estate to his wife, Zoe Canizas. His said wife was named executrix, and she qualified as such on the above-mentioned date. The decedent left no real estate; the only assets consisting of personal property. On December 2, 1913, the said widow filed in the probate court of Mobile county her written dissent from the will, in all respects as provided by sections 6168,

6169, of the Code of 1907, and in response thereto the probate judge of said court entered the following order in the cause: "State of Alabama, Mobile County. Probate Court of Said County. December 2, 1913. Manuel Canizas, Deceased, Dissent from Will. On the 2d day of December, 1913, Zoe Canizas, the widow of said decedent, deposited with the judge of this court her written dissent to the said will of her deceased husband. Therefore, on motion of the said Zoe Canizas, and in compliance with the prayer of her dissent, it is ordered and decreed by the court that said dissent, together with a statement of the day when the same was made, all of which is above set forth, be made a matter of record in this court.

"P. Williams, Jr., Judge."

The said decedent left no children. On January 30, 1915, the said Zoe Canizas, as executrix, filed her account and petition, addressed to the probate court, for a final settlement of the estate. In the petition the facts above enumerated were set out, and it was averred that the decedent left no children, and that his estate consisted entirely of personal property; that she, as the widow, had duly dissented from the will, in all respects as provided by law, and that under the provisions of Code, § 3763, she was entitled to all the personal estate of her deceased husband; and that, as all the debts of the estate had been fully paid, she was the sole distributee of the estate. The petition further alleged that the said sisters, to whom decedent had bequeathed $1,000 each, had filed suit against the petitioner, as executrix, in the circuit court of Mobile county, to collect such legacies, and that said suits were then pending. The said named legatees under the will appeared on the day set for final settlement and objected to said

settlement being made upon the ground that they had brought suit in the circuit court of Mobile county against the executrix, to compel payment of their legacies, and that these suits were still pending, and that the present condition of the estate did not admit of a final settlement. The objection was overruled, and the court proceeded to hear the petition, and to a final settlement of the estate. To review this action of the court this appeal is prosecuted.

Appellants, for a reversal of the cause, plant themselves squarely upon the language of section 2810 of the Code of 1907, which provides as follows: "Any legatee, after twelve months from the grant of letters testamentary, or of administration with the will annexed, may sue at law and recover his legacy, upon proof that the executor assented to the same."

It is further insisted that, as these suits were filed a short while prior to the time the executrix filed her petition and account for final sttlement in the probate court, the circuit court therefore had acquired a prior jurisdiction to that of the probate court, and that it was improper for the probate court to proceed to final settlement of the said estate while these suits were still pending.

(1) It is recognized as well settled that as a general rule, where the jurisdiction of a court and the right of the plaintiff to prosecute it has once attached, that right cannot be arrested or taken away by proceedings in another court.—*Troy Fert. Co. v. Prestwood,* 116 Ala. 119, 22 South. 262; *Gray v. S. & N. Ry. Co.,* 151 Ala. 215, 43 South. 859, 11 L. R. A. (N. S.) 581; *So. Hdw. Co. v. Lester,* 166 Ala. 86, 52 South. 328.

(2) The argument of counsel, however, places the jurisdiction out of the probate court as to the question

here involved at the time when the petition and ac-
counts were filed for a final settlement of the estate.
To this we do not agree. In the matter of the adminis-
tration of the estate of decedent the probate court was
in the exercise of its original and general jurisdiction,
and had such jurisdiction long prior to the time when
the suits were brought in the circuit court. The evi-
dence before the court upon the hearing of said peti-
tion and the objections of the legatees to the action of
the court in proceeding to a final settlement disclosed
without dispute that the estate consisted entirely of
personal property, that all debts had been paid, that
the decedent left no children, and that the executrix,
widow of said decedent, had within the time required
by law filed in writing her dissent to the will.

Under these undisputed facts, if the dissent of the
widow is to stand, she was clearly the sole distributee
of said estate, as under section 3763 of the Code the
widow, in the event there are no children, is declared
entitled to all the personal estate. It therefore follows
that these legacies would upon such determination be
eliminated. The probate court, in the exercise of its
original jurisdiction over the administration of this
estate, was the proper court to determine the question
as to whether or not the widow had dissented from the
will and therefore to determine the status of the es-
tate and the question as to the distribution of the as-
sets thereof. The probate court, having acquired juris-
diction over the administration of the estate, had the
prior jurisdiction to determine these question, and we
are of the opinion that this jurisdiction could not be
ousted by the bringing of the suits in the circuit court
by the legatees. The section of the Code (2810) upon
which the appellants rely, as applied to the peculiar

[Eastburn, et al. v. Canizas.]

facts of their case, must be considered as inapplicable to this situation, where it in fact appeared before the probate court by the undisputed evidence that there are no legacies to which the legatees named in the will are entitled.

Counsel for appellants do not argue in their brief against the sufficiency of the evidence before the probate court as to the dissent of the widow from the will, but state that they stand upon the language of section 2810 of the Code.

(3) We entertain no doubt as to the binding effect of the dissent of the widow in this case, as disclosed by the record; that it was filed in due form appears without dispute. The fact that she filed the will for probate, was appointed under its terms executrix, and proceeded with the administration thereof, clearly had no effect to bar her dissent. This question received consideration in *Reaves v. Garret*, 34 Ala. 558, *Harrison v. Harrison*, 39 Ala. 489, and *Key v. Jones*, 52 Ala. 238. Nor is the evidence offered to the effect that the widow had stated that the legatees would receive something under the will sufficient to weaken the force of the dissent. In *Reaves v. Garrett, supra,* the second headnote reads as follows: " * * * An election to take under the will will not be implied from the facts that the widow propounded her husband's will for probate, qualified as executrix, acted in that capacity for about 15 months, returned the slaves in her inventory of the estate, charged herself in an annual settlement with their appraised value, kept possession of all the property until her resignation as executrix, * * * notwithstanding she was apprised of her adverse right."

And in *Key v. Jones, supra,* is found the following: "A bare acquiescence, without a full and deliberate and

intelligent choice, will not be an election. A mere intention to elect will not suffice; nor are loose conversations or casual declarations, expressive of such intention, to be weighed in determining whether an election has been made."

In the instant case the probate court had full jurisdiction, acquired by virtue of its jurisdiction over the administration of the estate prior to the bringing of the suits by the legatees, to determine the status of said estate. The dissent of the widow from the will and the distribution of the assets of the estate were matters for determination of the probate court, and it being made to appear before that court that the estate consisted entirely of personal property, that the decedent left no children, that the widow had duly dissented, and therefore under the law she was the sole distributee of the estate, and consequently that there were in fact, in the eyes of the law, no legacies to be considered —all of which appeared without contradiction—the court was clearly under no duty to hold up a final settlement of the estate because of the pendency of these suits in the circuit court. The latter court was not the proper one in which to determine these matters, but they are matters resting within the exclusive jurisdiction of the probate court. The principle involved in the general rule that the court which first takes cognizance of a controversy is entitled to retain jurisdiction to the end of the litigation (*Gray v. S. & N. Ry. Co., supra*) supports the action of this court in the present case, and we are of the opinion that, under the facts as shown by the record, the judge of probate correctly proceeded to a final settlement of the estate.

Counsel for appellant cite *Odom v. Moore*, 147 Ala. 567, 41 South. 162, as an authority to sustain their

[Eastburn, et al. v. Canizas.]

contention. That case involved a suit by a creditor against the executrix, and in the opinion it is said: "The liability to him could not have been enforced in the probate court, since his claim was not in litigation in that court, and could not have been drawn within its jurisdiction without a report of insolvency."

To the same effect is *Whitfield v. Woolf*, 51 Ala. 202. Cases of this character are not in point, for the reason that it would clearly appear under the facts that the estate was not in condition for final settlement, and the matters were not such as could be litigated in the probate court. Section 2667 of the Code of 1907 reads that: "A final settlement may be made at any time after twelve months from the grant of letters, if the debts are all paid, and the conditions of the estate, in other respects, will admit of it."

These cases, therefore, are not here applicable. In the instant case all the debts had been fully paid, and the questions for determination were such as come within the exclusive jurisdiction of the probate court. The cases cited by counsel for appellants from other jurisdictions have been examined by us, but we do not find any among them which militate against the conclusion here reached; nor do we consider that a separate treatment of them here would subserve any good purpose.

Under the undisputed and peculiar facts as here disclosed, we are of the opinion that the probate court was in the proper exercise of its jurisdiction in proceeding to a final settlement of this estate. The judgment appealed from is therefore affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.