RIVES v. CABEL.    (3 Div. 695.)

(Supreme Court of Alabama. May 21, 1925.)

1. Executors and administrators ⬤⟳224—Debts due heir and legatee, named executrix, barred, unless presented or filed within statutory time.

Debts due heir and legatee, named as executrix in debtor's will, are barred, unless presented within time required by Code 1907, § 2590, or filed in office of probate judge within time fixed by section 2589, as required of representative of estate; section 2592 not excepting claim of heir or legatee against estate from operation of section 2590.

2. Executors and administrators ⬤⟳231—Mortgagee not estopped from foreclosing by failure to present or file claims against estate for debts secured within statutory time.

Failure of mortgagee to present or file claim against estate for debts secured within time required by statute would not prevent or estop her from foreclosing mortgages.

3. **Mortgages** ⊛⟶423—**Foreclosure held in time.**

Foreclosure in 1919 of mortgages executed on February 12 and November 12, 1904, *held* in time.

4. **Wills** ⊛⟶792(4)—**Mortgagee held not to have elected to claim mortgaged property under mortgagor's will and waived right to claim under mortgages by having will probated.**

Mortgagee, who was also devisee under mortgagor's will and nominated as executrix thereof, *did not elect to claim* mortgaged property under the will and waive her right to claim lien thereon or title thereto under mortgages by filing will for probate and having it probated when she renounced right to act as executrix and declined to take anything under will.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Suit by Anita Cabel against Myra Semmes Hall and others, in which certain minor defendants, by their guardian ad litem, R. T. Rives, filed a cross-bill. From a decree for complainant, the said minors appeal. Affirmed.

Richard T. Rives, of Montgomery, for appellant.

Whoever accepts a benefit under a will must conform to all its provisions and renounce any right inconsistent with them. Howze v. Davis, 76 Ala. 381; Reaves v. Garrett's Adm'r, 34 Ala. 558; 40 Cyc. 1892. It is the duty of the life tenant to keep down interest on a mortgage and prevent foreclosure. Abney v. Abney, 182 Ala. 213, 62 So. 64.

Weil, Stakely & Vardaman, of Montgomery, for appellee.

Complainant foreclosed her mortgages within the time allowed by law. Shockley v. Christopher, 180 Ala. 140, 60 So. 317. Filing the will for probate did not constitute an election to hold under the will. Reaves v. Garrett's Adm'r, 34 Ala. 558; Eastburn v. Canizas, 193 Ala. 574, 69 So. 459; Key v. Jones, 52 Ala. 238.

MILLER, J. This is a bill in equity by Anita Cabel against her two children, minors, Mary Semmes Hall and Arnent Cabel, and the St. Peter's Catholic Church, seeking to quiet title to her land described therein, under the statute. There was decree pro confesso against this church, and the two minors by their guardian ad litem filed an answer in the nature of a cross-bill. They denied the averments of the bill, and allege that the complainant claims title to this real estate through two mortgages given by Annie E. Knox to the guardian of complainant, which were foreclosed after the death of the mortgagor, and the complainant purchased this property at the sale, and deeds conveying it to her were made as the mortgages permit. They further allege these mortgages and the foreclosure conveyances are void, and a cloud on the title to this property; that Annie E. Knox, the mortgagor by will, duly probated, devised this real estate to complainant during her life, with remainder to cross-respondents, her children, and complainant elected to take under the will and enjoyed various property under the will, which she would not have been entitled to without it, and she is estopped to set up any claim in conflict with the will to this property; and complainant, by accepting the terms and provisions of the will, has waived her rights under the mortgages; and that complainant by purchasing this property under the mortgage foreclosure sales, after the probate of the will of the mortgagor, and after accepting benefits under the will, cannot defeat the claim or title of cross-respondents therein under the will of the mortgagor, the testatrix.

Complainant answered the cross-bill, admitted the real estate did belong to Annie E. Knox, and she executed the two mortgages, and that complainant claims title to this real estate under and by virtue of the purchase of it at the foreclosure sales held under the terms of the mortgages; and that she thereby owns a fee-simple title to the property described in said mortgages; and complainant denies all of the other allegations of the cross-bill.

The court on pleading and proof held complainant entitled to relief and that cross-respondents and other children that might be born hereafter to complainant, and the St. Peter's Catholic church, have no title, right, or interest in this real estate; but it belongs absolutely, in fee simple, to complainant. This appeal is prosecuted by the cross-respondents from that decree, and it is the error assigned by them.

Mrs. Annie E. Knox executed two mortgages to Charles B. Teasley as guardian of complainant; one on November 12, 1904, to secure the sum of $6,500, borrowed money, and the other on February 12, 1904, to secure money borrowed. This money belonged to the complainant, and these mortgage debts were never paid. The guardian on final settlement of his guardianship of the estate transferred these mortgages and the debts secured by them to complainant. Mrs. Annie E. Knox, the mortgagor, died on March 31, 1909, seized and possessed of this property described in the bill of complaint, and it was subject to the debts of the mortgages. She left a last will and testament, and complainant was named therein as executrix. By "item 2" of the will she devised and bequeathed certain property, which includes all real estate described in and conveyed by these mortgages, and other property to complainant "to be hers absolutely during her natural life, with the full, free, and uninterrupted use of same, as long as she lives,

⊛⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

with remainder over to her children or descendants of her children; but should my said granddaughter [complainant] die and leave no children, then and in that event, it is my will that all of my said property so bequeathed and devised to her, shall vest absolutely in St. Peter's Catholic church to be used by it" for purposes mentioned in the will.

This will was duly probated on application of complainant, and the testimony shows "she then renounced her right to act as executrix" as testified to by the husband of testatrix, and he was appointed administrator, with the will annexed of the estate. Complainant testified she had the will probated and "then declined to act as executrix under it."

These mortgages were foreclosed in the year 1919 by complainant under the power of sale in each. Complainant became the purchaser at the sales of the property in each, as the mortgages permitted; and two foreclosure deeds were duly executed to her conveying to her the property described in the respective mortgages and which is described in and involved in the bill of complaint. The complainant is now in possession of and claims this real estate and a fee-simple title to it through these mortgages, their foreclosure and the foreclosure deeds conveying it to her. The evidence of complainant and the husband of testatrix shows without dispute that complainant "never accepted anything under testatrix's will, either real estate or rents from real estate, or any personal property, and never exercised any dominion or control over any of the property left by testatrix, until after execution of the foreclosure deeds to her" to this property; and that she now has possession of and claims this real estate through the mortgages and purchases of it at the foreclosure sales and by the foreclosure deeds, and not under the will.

[1] Under section 2589, Code 1907, a personal representative of an estate holding claims against the estate he represents must file the same in the office of the judge of probate within the time fixed by the statute, and all claims not so filed are barred and their payment prohibited. McKenzie v. Matthews, 153 Ala. 437, 44 So. 958. Under section 2590, Code 1907, all claims against the estate of a decedent other than the claims referred to in the preceding section must be presented as and within the time mentioned therein, and, if not presented within that time, they are forever barred, and the payment or allowance thereof is prohibited. It is true the provisions of section 2590, Code of 1907, do not apply to heirs or legatees claiming as such. Section 2592, Code 1907. This statute (2592) does not except from the operation of section 2590 the claim of an heir or legatee for a debt or claim against the estate, but for a claim to the estate or any part of the estate as such heir or legatee. Claims of heirs or legatees against an estate come under the operation of and must be presented as required by section 2590, Code 1907. Malone v. Hundley, 52 Ala. 147. There is no averment and no proof that complainant, who is an heir, the executrix named in the will, and a legatee under the will, ever presented the debts due her by the testatrix, evidenced by the notes and mortgages involved in this cause to the representative of her estate as the statutes permit and require, or filed it in the probate office as the statute requires of a representative of the estate. The complainant had the right to present these debts under the statute and have them paid by the representative out of the estate, and if she failed to do so as the statute (section 2590, Code 1907) provided, they are barred and the payment or allowance thereof is prohibited. Sections 2590 and 2589, Code 1907.

[2] But this bar of these debts, secured by these mortgages, for failure of the mortgagee (complainant) to present the claims for these debts within the time fixed by the statute, does not affect the specific lien in or title to the real estate described in and conveyed by the mortgages to complainant. Claims of title, legal or equitable, do not come within the statute. The complainant had the right to present or file as the statutes require, and have paid out of this estate these debts due her, secured by these mortgages, no matter if she was executrix or a legatee or an heir, or all three, and her failure to do so, and have them paid out of the estate, would not bar or prevent or estop her from foreclosing the mortgages on the property conveyed by them, respectively. Authorities supra; Smith v. Gillam, 80 Ala. 296; Traweek v. Hagler, 199 Ala. 664, headnote 4, 75 So. 152; Duval v. McLoskey, 1 Ala. 708; Mahone v. Haddock, 44 Ala. 92.

[3] These mortgages were foreclosed by the complainant within the time allowed for foreclosing such instruments. Shockley v. Christopher, 180 Ala. 140, headnote, 3, 60 So. 317.

[4] The complainant did not elect to claim this property under the will and waive her right to claim her lien on it for the mortgage debts or her title to it through the mortgages by filing the will of testatrix for probate and having it probated. Reaves v. Garrett, 34 Ala. 558; Eastburn v. Canizas, 193 Ala. 574, 69 So. 459. There is no proof showing that complainant elected to accept and claim this property described in the bill under the will of testatrix and waived in any way her right to foreclose these mortgages on the property to secure the debts of testatrix due her and secured by lien on this property. The evidence is to the contrary. She did not accept the life estate in this property under the will, and she did not waive her

rights under these mortgages on the property.

It results that we must and do hold the decree of the trial court is free from error, and it is affirmed. Authorities supra.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.