(134 So. 797)

## MONROE COUNTY BANK v. SMITH et al.
### I Div. 655.

Supreme Court of Alabama.
May 21, 1931.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellant.

C. L. Hybart, of Monroeville, for appellees.

### ANDERSON, C. J.

This bill was filed by the mortgagors against the mortgagee bank seeking an accounting and cancellation of the mortgage, if satisfied, and in the alternative a redemption by offering to pay the amount ascertained to be due the respondent upon said accounting. The equity of the bill is beyond question.

After the bill was filed, the respondent filed a detinue suit seeking a recovery of some of the property embraced in the mortgage and involved in the equity case. Where two actions between the same parties, on the same subject, and to test the same rights are

**54**

brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its powers being adequate to the administration of complete justice, retains its jurisdiction, and may dispose of the whole controversy, and no court of co-ordinate power is at liberty to interfere with its action. 15 C. J. 1134, Eastburn et al. v. Canizas, 193 Ala. 574, 69 So. 459; Swope v. Swope, 173 Ala. 157, 55 So. 418, Ann. Cas. 1914A, 937; Southern Hardware & Supply Co. v. Lester, 166 Ala. 86, 52 So. 328; Gray et al. v. South & North Alabama Railway Co., et al., 151 Ala. 215, 43 So. 859, 11 L. R. A. (N. S.) 581. The court had full power on the equity side and under the bill as filed to settle and adjust the right and title between the parties as to the property involved in the detinue suit, and properly enjoined the prosecution of the detinue suit pending the equity case. Carroll v. Henderson, 191 Ala. 248, 68 So. 1.

The trial court, of course, correctly ruled that there was equity in the bill and in declining to dissolve the injunction. True, the answer denied some of the allegations of the bill, but it did not and could not deny the existence of the mortgage and the complainants' right to pay what was due thereon and keep their property.

There is also an assignment of error that the trial court erred in not granting the alternative relief sought for the protection of its property rights. Just what relief sought does not seem to have been specifically pointed out to the trial court, which cannot, of course, be put in error for failing to volunteer or suggest the proper steps for the respondent to take to protect or secure the personal property against loss or waste, such as a receivership or the increase in the injunction bond, etc.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.