140 So. 540

### DORSEY et al. v. DORSEY.
4 Div. 593.

Supreme Court of Alabama.
Jan. 14, 1932.

Rehearing Denied April 7, 1932.

J. C. Fleming, of Elba, for appellants.

J. C. Yarbrough, of Enterprise, for appellee.

BOULDIN, J.

The bill was filed to enjoin the foreclosure of a mortgage on real estate under the power of sale. The appeal is from a decree sustaining demurrers to the bill and dissolving the temporary injunction.

The events disclosed by the bill and exhibits as a basis for relief, briefly stated, are: Henry A. Dorsey departed this life on or about October 12, 1929, leaving surviving his widow, Mamie Dorsey, and three children of a former marriage, viz.: A married daughter, Lorraine Sawyer, still under the age of 21 years, and two sons, Henry Dorsey, Jr., then about 16 years of age, and Kimmie Dorsey, then about 10 years of age.

Decedent left a will in which the widow and children were beneficiaries, and his brother, C. E. Dorsey, and his widow, Mamie Dorsey, named as executors.

The will was admitted to probate October 26, 1929, and on the same date letters testamentary granted to the executors named.

In November following, the administration of the estate was, on statutory petition, removed into the circuit court in equity.

By item two of the will the residence occupied by decedent and family was devised to Mamie Dorsey, the widow, during life or widowhood, upon condition that from the proceeds of a policy of insurance upon the life of decedent, payable to her as beneficiary, she should pay off and discharge a mortgage on such residence property then held by Mrs. Conner.

Mrs. Dorsey, with such insurance money, did take up the mortgage, but caused it to be transferred and assigned to herself personally.

The coexecutors proceeded with the execution of the will, disposing of properties under the power therein, collecting choses in action due the estate, and paying its indebtedness until October 11, 1930, when, within the twelve months' period fixed by statute, Mrs. Dorsey, as widow of deceased, filed her dissent in writing in due form, and also filed her resignation as coexecutrix of said estate. In January following she filed her accounts and vouchers for a final settlement of her trust. Pending this settlement, she proceeded to advertise a foreclosure sale of the residence property under the mortgage assigned to her by Mrs. Conner, and the present bill followed.

The theory of the bill is that the dissent was ineffective, should be held for naught, the will declared effective as to the widow, and in equity the mortgage should be held satisfied.

We quote the specific averments of fact on which such relief is sought: "That by and under the terms of said will the estate was to be held together, the debts paid and an allowance for the widow and two minor sons was provided for in said will, and complainants aver that from the time that said will was admitted to probate and record and until the 11th day of October, 1930, said widow retained said dwelling house, helped and assisted in paying off the debts of said estate and received for monthly expenses for herself and said two minor children a considerable sum of money which is shown by the statement filed by her for final settlement, a copy of which petition is hereto attached and made Exhibit 'B' hereto, with leave of reference thereto prayed. That according to said statement the widow has received the sum of, to-wit, $1405.00 which she still retains and holds and which she has not offered to restore. That in addition to her acts in and about the management, handling and interest in said estate that she expressed herself as being satisfied with the will to numerous and sundry persons and on numerous occasions that she was fully advised as to her rights as the widow, and notwithstanding being fully advised and informed as to her rights as the widow that she nevertheless collected and did take by and under the terms of said will, and that she never made any complaint or advised or informed the joint executor or these beneficiaries of her dissatisfaction of or her attempt to dissent from said will until about the 11th day of October, 1930; that all during the period from the time said will was admitted to probate and record on the 26th day of October, 1929, until the 11th day of October, 1930, the respondent herein acted for herself and as joint executrix of said will, performed and carried out the terms of said will and received the benefits from said will, but since said date complainants have learned that the respondent instead of paying off the mortgage on the house and lot to Mrs. R. C. Conner that the respondent, in fact, paid it off but that she had said mortgage transferred to her * * * that she is seeking to foreclose said mortgage for the sum of about $5400.00, that she is holding all of the furnishings and fixtures in said home and that she has now undertaken to file certain claims against the estate and has by her actions in winding up the affairs of the estate permitted or caused the monies belonging to said estate, or a great portion thereof, to be paid to the creditors of said estate who held open or unsecured accounts and did so permit the paying out of the funds of said estate until the estate is now without funds and by her actions has sought to gain an undue advantage in this, that said open accounts have been paid thus leaving the estate without funds with which to pay off said mortgage on said house and lot, well knowing at the time that said house and lot was worth two or three times the mortgage indebtedness thereon, and if this fact had been made known to the joint executor or to the beneficiaries under the will that it would have been wise and discreet to have used a part of the monies to pay off said indebtedness on said house and lot, and thereby save an equity worth from five to ten thousand dollars, but complainants aver that respondent not only withheld any dissatisfaction or complaint that she might have had or her desire or intention to dissent from said will, but on the other hand actively engaged in the management and control of said estate and permitted and caused the funds coming into the hands of said executors to be spent and expended for the pay-

ment of accounts until all of the funds of said estate were exhausted, and after so acting and receiving the benefits provided for under said will and well knowing that said estate was without funds to pay off said mortgage, has now undertaken to foreclose the same to the detriment of the other beneficiaries of said will."

The provisions of the will, under which sums aggregating $1,405 were advanced, were that the two sons of the testator should have the right to occupy the home with the widow, and the executors should pay to Mamie Dorsey and Henry Dorsey, Jr., a sum not exceeding $200 per month to defray the expenses for the necessities of the home and the education of the two boys.

■ At common law a devise or bequest to the wife, without more, did not cut off the widow's right to dower. The provisions of the will were taken as cumulative, unless it clearly disclosed a different intent.

Our very early statutes, still operative, changed this rule, so that, if the wife is made a beneficiary in the will, it is deemed exclusive, unless the contrary clearly appears.

But by the same line of statutes the widow was and is empowered to dissent from the will; has an election to be exercised within the time and in the manner designated.

The time, twelve months, is the same as allowed for the presentation of accrued claims, the time when the condition of estate can be estimated with some degree of accuracy, and when a final settlement of the estate may be made.

■■ Like the dower right itself, this right to dissent is a favored one, and, when exercised, entitled the widow to take her dower and distributive interest in the personal estate as in case of intestacy.

■■ The widow's right to dissent is not cut off, by joining in the petition to probate the will, by accepting appointment and acting as executrix, performing all the duties of such office, until the time for dissent has passed, nor by any declaration of satisfaction or promise to abide by the will. She may, as of course, for a valuable consideration, part with her property rights, her dower, and distributive share, and so cut off the privilege of reclaiming them by a dissent from the will.

■ Even such transactions, if entered into unadvisedly in ignorance of the condition of the estate, and with persons standing in fiduciary or confidential relations with her, and so under duty to protect her, may be relieved against in equity.

■ But she cannot take both under the will and against it; must take under the will, or under the law as in case of intestacy, not under both.

■■ The mere fact, that pending the time for her final decision to dissent or not dissent, she accepts payment of a legacy, or enters into possesison of a devise, does not conclude her, if she is able, ready, and willing to place the estate in statu quo. The remedy in such case is in equity, the forum in which the instant proceedings are had. Adams v. Adams, 39 Ala. 274; Id., 39 Ala. 603; Reaves v. Garrett's Adm'r, 34 Ala. 558; Steele v. Steele's Adm'r, 64 Ala. 438, 38 Am. Rep. 15; Pearson v. Darrington, 32 Ala. 227; Hilliard v. Binford's Heirs, 10 Ala. 977; Eastburn v. Canizas, 193 Ala. 574, 69 So. 459; Key v. Jones, 52 Ala. 238; Merchants' Nat. Bank of Mobile v. Hubbard, 222 Ala. 518, 133 So. 723, 74 A. L. R. 646.

■ Clearly enough, no benefits which the widow may take under the will, and may also take under the law in case of intestacy can estop her, nor otherwise defeat her right of dissent.

For example, the homestead exemption rights as well as personal exemptions are the same, will or no will, and without regard to any dissent.

So, retaining the residence and furnishings will be referred to her homestead and quarantine rights.

■ The main insistence of appellants is the receipt of sums aggregating $1,405 under the legacy for the maintenance of the home. An all-sufficient answer, among others, is that this is a joint legacy for the benefit of the widow and two minor sons of decedent, and the amount received did not exceed the proper allowance to the sons during the eleven months' period under the terms of the will.

■ Moreover, aside from the widow's personal exemptions, the exhibit to the bill discloses she spent her own money in payment of debts of the estate to an amount in excess of the sum received under the legacy. While the bill charges that appellant challenged some of her claims, it by no means negatives that the estate is indebted to her on a proper accounting.

Indeed, if upon an accounting her distributive interest in the estate is greater than any benefits received under the will, so that it becomes a mere matter of charging the sums received against her distributive share, no occasion for restoring the fund arises. Equity would not require the useless formality of turning back the fund to be followed by payment to her of a like amount as part of her exemptions, or of her distributive share in the estate.

■ Touching the alleged concealment of the fact that the mortgage had been transferred to Mrs. Dorsey, and alleged injury to the estate by the payment of lawful claims

leaving no available funds to pay off the mortgage, it will suffice to say the widow was under no duty to accept payment of the mortgage pending the time given her by law to determine whether she would take under the will and satisfy the mortgage as paid. Taking an assignment of the mortgage was not a statutory dissent (Code 1923. § 10593) from the will, but evidenced a purpose to retain the right to dissent.

The use of the funds in payment of lawful claims duly presented, and failure to hold them to take care of the mortgage, if need be, was in no sense a breach of duty. Rives v. Cabel, 213 Ala. 206, 104 So. 420.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.