145 So. 571

### ZEIGLER v. ZEIGLER et al.
### 3 Div. 38.

Supreme Court of Alabama.
Jan. 19, 1933.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

H. E. Gipson, of Prattville, for appellee.

GARDNER, J.

Appellant was on August 28, 1930, duly appointed administratrix of the estate of S. M. Zeigler, deceased, and on July 13, 1932, an order was entered for said administratrix to file her accounts and vouchers for partial settlement of said estate and citation directed to issue. The administratrix filed her accounts and vouchers, and September 5, 1932, was set for such partial settlement. But the decree entered on that day went beyond the matter of passing the account, and renders a judgment against the administratrix in favor of the distributees of the estate for the entire amount in her hands. There appears in the record no application for an order of distribution made either by the administratrix or any person entitled thereto. This was error to reverse.

By section 5964, Code 1923, an order of distribution may be made on application of any person entitled to distribution, and the following section (5965) prescribes the form of the application and its contents. The three following sections provide for further procedure as to day for hearing with notice to administrator, the order of distribution, and requirement of a refunding bond.

The record contains no indication of any pretense of compliance with the foregoing statutory provisions. It is clear section 5963 is not here involved as the proceedings were not at the instance of the administratrix, but instituted against her. While the exact question has not been here determined, yet we consider the cases of Bludworth v. White, Adm'r, 42 Ala. 662, and Harrison's Adm'r v. Meadors, 41 Ala. 274, by analogy much in point and decisive of this appeal.

In the former case the administrator appeared for a final settlement, but it developed there were matters preventing such settlement, and the court proceeded to convert the proceedings into an "annual settlement and partial distribution." The opinion reads: "There is no statutory authority upon which the decree of distribution, made on the second Monday in August, 1860, can be sustained.

62

It does not appear from the record that any application for a partial distribution was made by the personal representative, as authorized by section 1771 of the Code then in force, (Revised Code, § 2097), nor by the parties named in section 1778 of the Code, (Revised Code, § 2105).. And the court of probate has no authority in law for turning an application by the administrator for a final settlement of the estate, into a partial distribution thereof, in the absence of any application by the personal representative or the distributees."

The holding in the Harrison Case, supra, so far as here applicable, is well stated in the fourth headnote, as follows: "In whose favor decree of partial distribution may be rendered.—On an application by a distributee, for partial distribution of a decedent's estate, under section 1778 of the Code, it is error to render a decree in favor of another distributee, who did not join in the application; but the rule is different, when the application is made by the administrator himself, under section 1771."

We may add that sections 1771 and 1778, referred to in the foregoing cases, are respectively sections 5963 and 5964 of the present Code, to which we have hereinabove referred.

These authorities suffice to demonstrate the error in the decree rendered, and an order of reversal will be here entered.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.