John David **SNODGRASS**, as Administrator of the Estate of John Milton Snodgrass, deceased, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. A. No. 68–416.

United States District Court
N. D. Alabama,
Northeastern Division.

Nov. 12, 1968.

John D. Snodgrass and Ford, Caldwell, Ford & Payne, Huntsville, Ala., for plaintiff.

Macon L. Weaver, U. S. Atty., and E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., for defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

GROOMS, District Judge.

Both plaintiff and defendant have moved for summary judgment with respect to one aspect of this case.

The decedent, John Milton Snodgrass, died intestate on June 1, 1963, leaving a widow and three children surviving him. He left a gross estate valued on the estate tax return at $311,078.05. On the return the marital deduction was computed and given the value of $71,376.36. Upon audit the marital deduction was reduced to $47,310.05, thereby creating an estate tax deficiency. The defendant in computing the value of the widow's intestate share of the personalty first made allowance by subtracting the total of the federal estate tax from the net personal estate. Plaintiff contends that the widow's share should be computed prior to making any allowance for federal estate taxes.

Congress did not undertake in any manner to specify who was to bear the burden of the tax. It "intended that state law should determine the ultimate thrust of the tax." Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106. The Alabama appellate courts have not settled the issue as to who should bear the burden of the estate tax.

This Court in Robertson v. United States, D.C., 281 F.Supp. 955, speaking through Judge Lynne, ruled that the Commissioner erred in reducing the marital deduction allowable for the computation of the estate tax by one-half of the estate tax. This part of the opinion was subsequently withdrawn, but the Court understands that it was withdrawn because of a settlement that ensued. Judge Johnson in the Middle District in the case of Cox et al. v. United States, D.C., 296 F.Supp. 145, has reached a different result. There are cases pro and con from other jurisdictions. These cases turn upon provisions of particular statutes or the common law of the particular states. If the widow is to receive the full benefit of the marital deduction, it would appear that she should be relieved of the estate tax burden.

In the case of Pitts v. Hamrick, 4 Cir., 228 F.2d 486, Judge Parker, stating the philosophy of the marital deduction pertinently observed as follows:

"Where the estate is to receive the benefit of the deduction of the widow's share from the gross estate in order that that share may be relieved of the burden of the estate tax, as Congress intended, it would be unfair and unjust to require her share to bear any portion of that tax; * * *

"It is inconceivable here that any part of the estate tax should be attributed to the share of the widow, where the purpose of Congress in allowing the marital deduction was to free the interest of the surviving spouse from the burden of that tax and where the estate receives the benefit of the deduction because of that interest."

In Thompson v. Wiseman, 10 Cir., 233 F.2d 734, the widow by the terms of the will was a residuary legatee. And in Merchants National Bank and Trust Company v. United States, 7 Cir., 246 F.2d 410, the will provided that the estate taxes be paid from the residuary estate. The widow dissented, but the court held that this did not change the result in view of the Indiana law. The facts of those cases differentiate them from this case and brings them within the ambit of Treasury Regulations on Estate Tax, Section 20.2056(b)–4(c) (4), which provides:

" * * * if the residuary estate or a portion of it is bequeathed to the surviving spouse, and by the local law the Federal estate tax is payable out of the residuary estate, the value of the bequest, for the purpose of the marital deduction, may not exceed its value as reduced by the Federal estate tax."

Section 10 of Title 16 of the Alabama Code provides as follows:

"The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed

in the same manner as his real estate, and according to the same rules; except that the widow, if there are no children, is entitled to all the personal estate, or, if but one child, she is entitled to one-half; if more than one, and not more than four children, to a child's part; and if more than four children, to one-fifth."

Section 218 of Title 61 makes provision for the order and preference of payment of debts against the estate. Fourth in priority is "taxes assessed on the estate of the decedent *previous to his death.*" (Emphasis supplied)

The Alabama Supreme Court in Pryor v. Davis, Admr., 109 Ala. 117, 19 So. 440, held that taxes paid by an administrator and not assessed prior to the death of the intestate were not a preferred claim. Hammond v. Wheeler, 347 S.W.2d 884 (Mo.).

Section 449(1) of Title 51 provides as follows:

"Unless the decedent directs otherwise in his will, all estate taxes, whether state or federal, payable by reason of the death of the decedent, shall be paid by the executor or other personal representative out of the estate property, *and shall be a charge against the residue thereof,* and the executor or other personal representative shall be under no duty to recover from anyone for the benefit of the estate the pro rata portion of the estate tax attributable to inclusion in the gross estate of any property, including proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor or other personal representative, which does not pass to the executor or other personal representative as a part of the estate. (Emphasis supplied)

"This section shall apply to the estates of all decedents who shall die on or after the effective date hereof."

This section was adopted in 1951, some three years after the 1948 Revenue Act placing common law states on a parity with community property states with respect to the burden of estate taxes. It deals specifically with the burden of estate taxes and would under the doctrine of *expressio unius* control the general provisions of Section 10, Title 16, in relation to the burden of "debts and charges" against the estate. In short, the impact of the tax is governed by Section 449(1) rather than by Section 10. Hammond v. Wheeler, *supra.*

"The 'residue' of the testator's estate is that which remains after * * * the payment of specific and general legacies, and the discharge of lawful claims." 96 C.J.S. Wills § 705, at p. 75. Or as stated in Black's Law Dictionary, it is "the surplus of a testator's estate remaining after all the debts and particular legacies have been discharged."

Under Section 449(1) the estate tax is to be paid "out of the estate property, and shall be a charge against the residue thereof." If the Legislature had intended that the burden of the estate tax should fall on the widow and children alike, it need not have employed the words, "and shall be a charge against the residue thereof," since that is where it would have fallen without the employment of these words by the provision which immediately preceded their employment. It will be observed that the remaining portion of the Section relieves the personal representative from any duty to recover from anyone for the benefit of the estate the pro rata portion of the estate tax attributable to inclusion in the gross estate of any property, including proceeds of policies of insurance.

In Hughes v. Sun Life Assur. Co. of Canada, 7 Cir., 159 F.2d 110, at 114, the court observed:

"Illinois has no provision in its laws relating to the incidence of the burden of federal estate tax. * * * In the absence of statutory enactment directing otherwise, the federal tax must be considered as a charge against the whole of the estate and not against the individual shares."

The Court is of the opinion that Section 449(1) is the statutory enactment

which "determine[s] the ultimate thrust of the tax", Riggs v. Del Drago, and which directs that "the incidence of the burden of federal estate tax" shall fall upon the "residue" of the estate and that the marital deduction of the widow should not be burdened with any part of the estate tax.

The Court has carefully considered the excellent brief of the defendant as well as that of the plaintiff and the authorities cited therein. Taking into account the philosophy underlying the adoption of the marital deduction, the attempt of Congress to equalize the estate tax burden between community property states and common law states, the concern of the state for the welfare of the surviving widow, and the specific provisions of Sec. 449(1), the Court is of the opinion that the defendant's motion for partial summary judgment should be overruled, and that the plaintiff's motion for partial summary judgment should be granted.

It is, therefore, ordered, adjudged and decreed that the defendant's motion for partial summary judgment be and the same is hereby overruled, and that plaintiff's motion for partial summary judgment be and the same is hereby granted with respect to the reduction of the estate tax from the widow's marital deduction.