299 So.2d 259

**Louise Cobb Mixon BYARS**

v.

**Pauline C. MIXON et al.**

**SC 710.**

Supreme Court of Alabama.

Aug. 1, 1974.

Rehearing Denied Sept. 12, 1974.

W. H. Albritton, Andalusia, and J. Robert Ramsey, Dothan, for appellant.

Lee & McInish, Dothan, for appellees.

**MERRILL, Justice.**

This appeal is from a decree of the circuit court on a petition for final settlement in the administration of the estate of Travis Mixon, Jr., deceased.

Travis Mixon, Jr. died on the 10th day of October, 1967, while a resident of Madrid, Houston County, leaving no last will and testament. Appellant is his widow. At the time of his death, he owned both real and personal property and appellant had a separate estate consisting solely of personal property.

Letters of administration on the estate were issued to appellant on November 6, 1967, and in March, 1968, the administration was removed to the circuit court on the petition of Mixon's daughter, Katrina Mixon Wilder.

On February 20, 1973, appellant, as administratrix, filed her petition for final settlement of the administration.

In addition to appellant, his widow, the decedent left one daughter, Katrina Mixon Wilder, and one son, Travis Mixon, III, surviving him. Travis Mixon, III, died in March of 1970 leaving surviving him a widow, appellee, Pauline Cobb Mixon, but no children.

According to the record, the value of the real estate owned by decedent at the time of his death was $383,475.00. The value of his personal property at the date of his death was $1,085,711.84. The value of the separate estate of appellant, at the date of her husband's death, consisting entirely of personal property, was $26,387.28.

An estate tax return was filed and the total estate tax was $262,312.23. One-third of this tax was charged to the marital deduction of the estate. The widow protested the charge against the marital deduction and, on review by the appellate staff of the Internal Revenue Service, the contested action of the IRS agent was reversed and the marital deduction was totally relieved of any burden of the estate tax.

At the hearing on petition for final settlement, the trial court denied the widow's request that her distributive share of the assets of the estate be relieved from the burden of estate taxes.

This is the main question on this appeal. All parties agree that the marital deduction provided for in Tit. 26, U.S.C.A., § 2056, grants a marital deduction which "shall not exceed 50 percent of the value of the adjusted gross estate"; and that the Federal Estate Tax Law leaves it to the various states to determine how the tax burden shall be distributed "among those who share in the taxed estate." Fernandez v. Wiener, 326 U.S. 340, 66 S.Ct. 178, 90 L. Ed. 116; Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106.

The marital deduction was included in the 1948 amendment to the Internal Revenue Code "and the underlying purpose was to equalize the incidence of the estate tax in community property and common law jurisdictions." Northeastern Pa. National Bank & Trust Co. v. United States, 387 U.S. 213, 87 S.Ct. 1573, 18 L.Ed.2d 726.

In 1951, the Legislature passed Act No. 291, Acts of Alabama 1951, p. 583, now listed as Tit. 51, § 449(1), the pertinent part of which reads:

"Unless the decedent directs otherwise in his will, all estate taxes, whether state or federal, payable by reason of the death of the decedent, shall be paid by the executor or other personal representative out of the estate property, and shall be a charge against the residue thereof, * * * "

■ Appellee argues that § 449(1) has no application to cases of intestacy. We cannot agree. The intent of the Legislature was that it applied to all decedents whether or not they made a will, but if a decedent did make a will, he could direct otherwise and the statute would not apply.

The following cases are, in our opinion, dispositive of the main question presented on this appeal. Robertson v. United States, D.C., 281 F.Supp. 955 (1968); Snodgrass v. United States, D.C., 308 F. Supp. 440 (1968), affirmed 5 Cir., 427 F.2d 150; Cox v. United States, 5 Cir., 421 F. 2d 576 (1970); Davis v. Davis, 289 Ala. 313, 267 So.2d 158 (1972), and Rowe v. Newman, 290 Ala. 289, 276 So.2d 412 (1972).

In *Robertson,* the court held that the residue in Tit. 51, §⋅449(1), out of which estate taxes "shall be paid is that part of the estate remaining after the payment of the preferred claims, the statutory share of a dissenting widow, and specific, general and demonstrative legacies."

In *Snodgrass,* the court held that "the marital deduction of the widow should not be burdened with any part of the estate tax."

In *Cox,* one of the questions was "whether a dissenting widow's portion of her husband's estate is under Alabama law burdened with the payment of its share of the federal estate tax." The court said in part: "It is unthinkable that Alabama which protects specific bequests from reduction due to the estate tax would not also protect the more favored marital share of the widow," and held that the court below erred when it held that the widow's marital share should be charged with its proportionate amount of the Federal estate tax.

In *Davis,* this court quoted *Cox* and Perrine's Ex'rs. v. Perrine, 35 Ala. 644, to show that "the widow is a favorite of the law" and held that the marital deduction was not burdened with the estate tax.

In *Rowe,* this court cited *Davis* and held that "the trial court correctly held that the widow's share under the will was not subject to estate tax until all other bequests and devises had been exhausted."

■ In view of these authorities and the preferred position of widows under Alabama statutes and case law, we hold that the trial court erred in refusing to relieve the marital deduction of the widow from the burden of payment of estate taxes.

The trial court relied on Birmingham Trust & Savings Co. v. Hightower, 233 Ala. 39, 169 So. 878 (1936). That case is not apt authority and was decided some twelve years before there was such a thing as a marital deduction to be considered in estate taxes.

Appellee concedes that *Snodgrass* is an intestacy case, but argues that *Snodgrass* is not good law. It is argued that in all the other cases there was a will and, therefore, they are not apt authority in the instant intestacy case. We merely note that in both *Robertson* and *Cox,* the widow dissented from the will. Tit. 61, § 18, Code 1940, provides that "The widow may, in all cases, dissent from the will of her deceased husband, and, in lieu of the provision made for her by such will, take her dower in the lands and such portion of the personal estate as she would have been entitled to in case of intestacy; * * * ."

In Dorsey v. Dorsey, 224 Ala. 496, 140 So. 540, the court said:

"Like the dower right itself, this right to dissent is a favored one, and, when exercised, entitled the widow to take her dower and distributive interest in the personal estate as in case of intestacy."

This part of the decree is reversed.

The only remaining assignments of error, 5 and 7, charge that the court erred in converting appellant's petition for final settlement into an annual settlement, ordering a partial distribution down to the sum of $50,000.00.

Appellant cites Bludworth v. White, 42 Ala. 662, and Zeigler v. Zeigler, 226 Ala. 61, 145 So. 571, for the rule that "the court of probate has no authority in law for turning an application by the administrator for a final settlement of the estate, into a partial distribution thereof, in the absence of any application by the personal representative or the distributees." Those cases so hold, but they were appeals from the *probate* court, and are not apt or controlling authority here.

This administration was *removed* from probate court to circuit court under Tit. 13, § 139, Code 1940, and § 138 provides that in the administration of estates in *circuit* court, " * * * such court, in the exercise of such jurisdiction, may, in its discretion, proceed according to its own rules and practice, without regard to any of the statutory requirements provided for administration of estates in the probate court; * * *."

The probate court does not possess jurisdiction to determine equitable issues, Hanks v. Hanks, 281 Ala. 92, 199 So.2d 169; and circuit courts are "better able to deal justly, adequately, and completely with all matters and questions involved" in the administration of estates. Bynum v. Brewer, 217 Ala. 52, 114 So. 577.

Since the passage of the Act, which is now codified as Tit. 13, § 138, the stat-utory procedure applicable to the probate court is not mandatory in the circuit court, but that court may, in its discretion, proceed according to its own rules and practice. Johnson v. Johnson, 252 Ala. 366, 41 So.2d 287; Allison v. Stevens, 269 Ala. 288, 112 So.2d 451.

We find no abuse of discretion in the trial court's handling of this phase of a very complex case.

The decree of the court is affirmed in all respects except as to the denial of widow's petition to have her distributive share relieved from the burden of payment of estate taxes.

Affirmed in part, reversed in part and remanded.

HEFLIN, C. J., HARWOOD, MADDOX and FAULKNER, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.