SHORES, Justice.
This appeal is from a judgment of the Circuit Court of Conecuh County, Alabama, on a petition for final settlement in the administration of the estate of W.K. Horton, Jr., who died intestate on May 21, 1984. He left surviving his widow, Lá-veme R. Horton, and three adult children of a previous marriage, Margaret H. Moss, William K. Horton III, and Mildred H. Swindle. At the time of his death, Mr. Horton owned real and personal property valued at $3,333,407.86.
The decedent’s daughter, Margaret H. Moss, was appointed administratrix of the estate on May 29, 1984 (the widow having declined to serve). The administration was subsequently transferred to circuit court upon the petition of the administratrix. The only testimony in the record was taken at a hearing held on August 21, 1986, on a petition by the administratrix to sell timber. During the hearing, the parties agreed that a one-time advance of $50,000 would be made to the widow. It was also the testimony of the administratrix that the estate tax return had been filed and that a contract for sale of timber for $500,000 had been made by the heirs for the purpose of paying the estate taxes.
On March 28, 1988, the widow petitioned the court to require a final settlement. The court set a day for a hearing. The administratrix filed an answer that stated that she was filing an accounting of all of her acts as administratrix, “showing assets received and disbursements made.” She further represented that she had paid to the United States Internal Revenue Service and the Alabama Department of Revenue certain sums due from the estate as estate taxes. She prayed “that this court will determine if the shares of said estate for distribution to the widow and children of W.K. Horton, Jr., be charged equally with *899 the estate taxes paid to the Internal Revenue Service and Department of Revenue, or if said sums are to be charged solely against the amount for distribution to the children of W.K. Horton, Jr.”
April 21, 1988, was the date set for hearing by the circuit court. The cause was submitted to the court on that date. On April 27, 1988, the circuit court entered a judgment that provided as follows:
“1. That the surviving spouse of W.K. Horton, Jr., deceased, be entitled on distribution of said estate to one-half of the property left by said intestate.
“2. That the one-half interest in all personal and real property in said estate to be distributed to said surviving spouse shall be charged only with the following items: all advances made to said surviving spouse by the Administratrix, including monthly family allowance payments. One-half the cost of that certain appraisal made by Joe Brock, whose charges have been heretofore paid by said Admin-istratrix.
“3. No other charges involving the administration of said estate are to be charged to the account of the surviving spouse.
“It is further ordered that said estate be divided in accordance with the above ruling.”
This holding is consistent with Alabama statutes and with a long line of state and federal cases that hold that the widow’s share of an estate shall not be burdened with estate taxes. Byars v. Mixon, 292 Ala. 657, 299 So.2d 259 (1974); Snodgrass v. United States, 308 F.Supp. 440 (N.D.Ala.1968), aff’d, 427 F.2d 150 (5th Cir.1970); Robertson v. United States, 281 F.Supp. 955 (N.D.Ala.1968); Cox v. United States, 421 F.2d 576 (5th Cir.1970); Grant v. United States, 340 F.Supp. 182 (M.D.Ala.1971); Davis v. Davis, 289 Ala. 313, 267 So.2d 158 (1972); Rowe v. Newman, 290 Ala. 289, 276 So.2d 412 (1972). This is the rule whether the decedent died testate or intestate.
On May 26, 1988, the administratrix filed a motion to alter, amend, or vacate the judgment, which was denied by the court. She claimed that the court’s reliance on the Byars, supra, line of cases was in error. She also claimed, for the first time, that the children’s share had been disproportionately charged with the debts and costs of administration. However, she offered no proof in support of this assertion. Her affidavit in support of her motion stated only that:
“Claims, charges and expenses of administration of the estate totalled $68,202.18. As Administratrix, I have paid the Internal Revenue Service $446,023.89 and the Alabama State Department of Revenue $73,147.41 for estate taxes.”
As we have shown, the trial court correctly held that the estate properly took advantage of the maximum marital deduction allowed under the Federal estate tax law and that that share was not subject to estate taxes. The record is devoid of any evidence to show that the children’s distributive share bears a disproportionate burden of the expenses of administration. Accordingly, there is no error calling for reversal of the trial court’s judgment.
The children argue that the new probate code [Code of Alabama (1975), § 43-8-1 et seq.] adopted by the legislature (effective January 1,1983) changed the law by implication so that the widow’s share (changed by the new probate code to the spouse’s share) should bear the burden of the estate taxes equally with the children’s share. They contend that, because the new probate code abolished the estates of dower and curtesy [Code of Alabama (1975), § 43-8-57] and increased the surviving spouse’s share [Code of Alabama (1975), § 43-8-41], the legislature by implication changed the prior law. We conclude that it did not.
In construing a statute, the court is required to ascertain the intent of the legislature to the extent that it can do so and to effectuate that intent. Lewis v. Hitt, 370 So.2d 1369 (Ala.1979); 2A Sutherland Statutory Construction § 28.10 (4th ed. Sands 1972).
In regard to the purposes and policies of the new probate code, § 43-8-2 states as follows:
*900 “(b) The underlying purposes and policies of this chapter are:
“(1) To simplify and clarify the law concerning the affairs of decedents;
“(2) To discover and make effective the intent of a decedent in the distribution of his property.”
While it is true that in the new probate code the legislature abolished the estates of dower and curtesy, it provided for an “elective share” (§ 43-8-70) that gives the surviving spouse a one-third share of the real and personal property in lieu of the widow’s right of dower and the widower’s right of curtesy. In the case of intestacy, the legislature enlarged the portion going to the spouse to provide a greater share than the previous code provided. There is no implication here that the legislature intended to change existing law other than to increase the share and to treat widow and widower equally.
The Byars line of cases, which sets forth the rule in Alabama, rests upon Title 51, § 449(1), of the Code of Alabama 1940 (Recomp.1958), readopted in its entirety by the legislature in the 1975 Code as § 40-15-18, and which provides as follows:
“Unless the decedent directs otherwise in his will, all estate taxes, whether state or federal, payable by reason of the death of the decedent, shall be paid by the executor or other personal representative out of the estate property and shall be a charge against the residue thereof, and the executor or other personal representative shall be under no duty to recover from anyone for the benefit of the estate the pro rata portion of the estate tax attributable to inclusion in the gross estate of any property, including proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor or other personal representative, which does not pass to the executor or other personal representative as a part of the estate.”
This statute directs that the incidence of the burden of federal estate tax shall fall upon the residue of the estate and that the marital deduction shall not be burdened with any part of the estate tax. Snodgrass v. United States, supra, at 443. It is the rule that the burden of the payment of estate taxes will fall upon the residue so that the estate will be able to take advantage of the maximum marital deduction. Byars, supra, 292 Ala. at 658, 299 So.2d at 260.
The reason for this holding has not changed. Further, the adoption of the Economic Recovery Tax Act of 1981 increased the marital deduction, ushering in a “new era” for the marital deduction. A.J. Cas-ner, Estate Planning § 13.2.1 (1988). This is compelling reason to continue to allow the estate to take advantage of the maximum marital deduction.
We therefore affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, STEAGALL and KENNEDY, JJ., concur.