Callie L. COX and B. C. Cox, Jr., as Executors under the Will of B. C. Cox, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2688–N.

United States District Court M. D. Alabama, N. D.

Oct. 10, 1968.

W. H. Albritton, Albritton & Rankin, Andalusia, Ala., for plaintiffs.

Ben Hardeman, U. S. Atty., Montgomery, Ala., for defendant.

## ORDER

FRANK M. JOHNSON, Jr., District Judge.

This is an action seeking a refund of estate taxes. It is agreed that this Court has jurisdiction pursuant to 28 U.S.C. § 1346(a). It has been further agreed that this cause be submitted upon the pleadings and upon an agreed Stipulation of Facts. This Court has also had the benefit of supporting briefs and oral argument September 6, 1968.

The decedent, B. C. Cox, died testate on April 29, 1960, leaving a widow and two children surviving. He left an estate valued at $322,875.60, consisting of both real and personal property. The widow dissented from the will, electing to take her statutory share under the law of Alabama. At the date of the decedent's death the widow owned no separate real estate, but did as of that date of death have a separate estate in personal property with a fair market value of $29,373.86. On the estate tax return the marital deduction was computed and given a value of $100,737.01. Upon audit, the marital deduction was reduced to $67,966.18, thereby creating an estate tax deficiency which was assessed in the amount of $9,796.63. The net reduction of the marital deduction was a result of five adjustments, and it is stipulated between the parties that the only adjustments in controversy are as follows:

(1) The defendant treated the widow's dower interest as a terminable interest and did not, as the plaintiffs contend is proper, increase the value of the marital deduction on account of such dower interest.

(2) The defendant in computing the value of the widow's intestate share of the personalty first subtracted the total of the federal estate tax from the net personal estate, whereas the plaintiffs contend that the widow's share should be computed prior to making allowance for federal estate tax.

On June 9, 1964, the Circuit Court of Covington County, Alabama, in Equity, entered a decree fixing the net marital share of the widow under statutes of Alabama at $42,863.18.

Following payment of the assessed deficiency, the plaintiffs filed a timely claim for refund, which claim was disallowed.

■ The questions presented for decision are the correctness of the Government's adjustments to the marital deduction outlined above. Both questions turn on state law: state law determines the existence and extent of relevant property interests, 26 U.S.C. § 2056, Aldrich v. United States, 346 F.2d 37 (5th Cir. 1965); state law determines the ultimate burden of estate tax payment, Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106.

■ In refusing to include the widow's dower interest in the marital deduction, the Government relies heavily upon a previous decision of this Court, Taylor v. United States, Civil Action No. 2316–N, M.D.Ala., Nov. 31, 1966, aff'd 388 F.2d 849 (5th Cir. 1967). Plaintiffs rely upon a dictum in the opinion of Judge Rives to distinguish the instant situation: "[S]ince no steps were taken to quicken the widow's right of dower into a tangible asset, the application of section 43 cannot take into consideration the value of dower." Taylor v. United States, *supra* at 853. Plaintiffs contend that the action in the Circuit Court of Covington County, Alabama, "quickened" the right of dower into a tangible asset. The contention cannot be sustained. Here, the state court has taken the apparently superfluous step of deciding that the dower right of the widow was commuted by statute to a vested interest in the amount of the legal estimate provided in Section 43 of Title 34 (the seven-year rental value). However, since the value of the widow's separate estate was made up entirely of her personal property, it was completely absorbed by setting it off

against her distributive share of the decedent's personalty. The taxpayer's computation of the seven-year rental value of the widow's dower interest was therefore entirely self-serving and irrelevant to the other matters considered by the Circuit Court. The widow's personal estate contained no real estate and therefore could not even alter or reduce the value of her dower rights, much less invest the widow with substantially other and different dower rights than she possessed at her husband's death or modify the fundamental nature of her dower rights. *Taylor* controls; no marital deduction for the claimed dower rights is allowable.

 Plaintiffs also raise the question decided today in Self v. United States, D.C., 147 F.Supp. 143, to-wit: was one third of the estate taxes assessed against the estate of decedent properly deducted from the marital share of the widow in computing the marital deduction? Plaintiffs here also put misplaced reliance on Robertson v. United States, 281 F.Supp. 955, N.D.Ala., Feb. 21, 1968. Although supporting plaintiffs' contentions, that opinion was written without benefit of either brief or argument by the Government. Moreover, the portion of the opinion relied upon by plaintiffs, and, significantly, only that portion, was withdrawn upon settlement of the case.

Plaintiffs also rely upon the decree of the Circuit Court of Covington County, Alabama. The Supreme Court of the United States has recently held that in situations like the present, federal courts are not bound by the determinations of a state *trial* court. Commissioner v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886. This is especially so when, as here, the trial court has created an apportionment statute by judicial fiat, something both the higher Alabama courts and the Alabama legislature have not done. The cases cited by plaintiffs and by the Circuit Court of Covington County simply do not support the proposition, of law or of equity, that the widow should be relieved of her share of the estate tax burden at the expense of the children and other devisees or legatees.

Accordingly, it is the order, judgment and decree of this Court that the plaintiffs are not entitled to a refund of estate taxes paid; it is further ordered that a judgment be and the same is hereby entered for defendant.

It is further ordered that the costs incurred in this proceeding be and the same are hereby taxed against the plaintiffs, for which execution may issue.