Callie L. COX and B. C. Cox, Jr., as Executors under the Will of B. C. Cox, deceased, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 27186.

United States Court of Appeals Fifth Circuit.

Jan. 7, 1970.

Rehearing Denied Feb. 16, 1970.

W. H. Albritton, Andalusia, Ala., for appellants, Albrittons & Rankin, Andalusia, Ala., of counsel.

Ira Dement, U. S. Atty., Montgomery, Ala., Ben Hardeman, U. S. Atty., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Johnnie M. Walters, Asst. Atty. Gen., Stanley L. Ruby, Elmer J. Kelsey, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before BELL and GOLDBERG, Circuit Judges, and ATKINS, District Judge.

GOLDBERG, Circuit Judge:

In this action for refund of estate taxes we must decide (1) whether under Alabama law a widow who elects to take against her husband's will may receive, in lieu of dower, a nonterminable interest which qualifies for the marital deduction, and (2) whether under Alabama law that part of the estate other than the widow's share is required to sustain the entire burden of the federal estate tax. Our judicial labors have bordered on the Sisyphean because Alabama has been most meager in its directions.

The decedent, B. C. Cox, a resident of Alabama, died on April 29, 1960, leaving his wife, Callie L. Cox, and his two children surviving him. His widow filed a dissent from the will and elected instead to take dower and the distributive share in his estate provided by Alabama law. The Circuit Court of Covington County, Alabama, wherein administration of the estate was conducted, computed Mrs. Cox's marital share of the estate to be $42,863.18. This sum included $8,820.-00, the commuted value of her dower interest. That court further charged the entire estate tax to that part of the estate remaining after the widow's marital share had been deducted.

On audit the Commissioner of Internal Revenue refused to allow the marital deduction for the commuted value of the wife's dower, claiming that this interest was terminable. The government further charged one-third of the estate taxes to the widow's share of the estate, thereby further reducing the marital deduction. The district court agreed with the action of the Commissioner, con-

cluding that the widow's dower interest was terminable and that under Alabama law the widow's share must bear its pro rata amount of the estate tax due. 296 F.Supp. 145. The estate appeals.

## I.

Section 2056 of the Internal Revenue Code [1] provides a deduction of up to one-half of the adjusted gross estate of a decedent for property passing from the decedent to his surviving spouse. However, in order to qualify for the deduction, the interest received by the surviving spouse must be equivalent to absolute ownership. If the interest can terminate on the lapse of time or the occurrence of an event, no deduction is allowed.

In the instant case, Mrs. Cox elected to reject the provisions made for her in her husband's will and take her statutory share under Alabama law. The nature of the interests which she received are therefore governed by Alabama law. Alabama provides that a widow may always dissent from the will of her husband and take her dower rights along with the portion of her husband's personal estate (called distributive share) which she would have been entitled to in case of intestacy.[2] Generally in the case of intestacy where two children survive, the widow is entitled to one-third of her husband's personalty outright.[3] Her

---

1. § 2056. Bequests, etc., to surviving spouse

   (a) Allowance of marital deduction.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

   (b) Limitation in the case of life estate or other terminable interest.—

   (1) General rule.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

   (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

   (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

   and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B)—

   (C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

   For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

2. Title 61, § 18. Dissent by widow, her rights on; when dissent unnecessary.— The widow may, in all cases, dissent from the will of her deceased husband, and, in lieu of the provision made for her by such will, take her dower in the lands and such portion of the personal estate as she would have been entitled to in case of intestacy; except that if there are no children or their descendants and the personal estate exceeds fifty thousand dollars in value at the time of the return of the appraisement, the widow upon dissenting shall take the first fifty thousand dollars of the personal estate and the remainder thereof shall be distributed as provided for in the will. If the will makes no provision for her, she may claim her dower and distributive share limited as herein provided without dissenting from the will.

3. Title 16, § 10. Distribution of personal estate.—The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed in the same manner as his real estate, and according to the same rules; except that the widow, if there are no children, is entitled to all the personal estate, or, if but one child, she is entitled to one-half; if more than

dower rights consist of a life estate in one-third of the real estate which her husband owned during marriage and to which she has not relinquished her right during marriage.[4]

Had the Alabama legislature stopped with these provisions, the disposition of this case would present no problem. It is clear and uncontested that the personalty provided for the wife is given absolutely and is a non-terminable interest which qualifies for the marital deduction. It is equally clear that the wife's dower interest is a terminable life estate and is therefore not eligible for the marital deduction. The Alabama legislature unfortunately, however, did not stop here. It went on to provide for adjustments to the share of her husband's estate which the wife would receive if she happened to have, as Mrs. Cox did, a separate estate of her own. Title 34, § 43 governs the situation where, as here, the wife has separate property but its value is less than the value of her dower right (estimated at seven years' rent)[5] and her share of her husband's personal estate. It is the difference in interpretation of this section which created the conflict between the government and the taxpayer in this case. Title 34, § 43 provides:

"When separate estate less than dower and distributive share.—If her separate estate be less in value than her dower, as ascertained by the rule furnished by the preceding section, and her distributive share, so much must be allowed her as, with her separate estate, would be equal to her dower and distributive share in her husband's estate, if she had no separate estate."

In the instant case Mrs. Cox had separate personalty worth $29,373.86. The value of her dower estimated at seven years' rent as provided by Title 34, § 43 was $8,820.00. Mrs. Cox's share of her husband's personalty before the deduction for her separate estate was $63,416.-46. In applying the provisions of Title 34, § 43, the government subtracted the value of Mrs. Cox's personal estate, $29,-373.86, from her share of her husband's personalty, but made no adjustment for the value of her dower right. Thus computed, her marital share before estate taxes was $34,042.80 in cash, an interest eligible for the marital deduction, plus the terminable dower interest in one-third of her husband's land, an interest not eligible for the marital deduction.

On the other hand, the Covington County Court, in administering the estate, held that it was compelled under Title 34, § 43 to award the wife the money equivalent of her dower interest

---

one, and not more than four, children, to a child's part; and if more than four children, to one-fifth.

4. Title 34, § 40. Dower defined; of what lands widow is dowable.—Dower is an estate for the life of the widow in a certain portion of the following real estate of her husband, to which she has not relinquished her right during the marriage:
(1). Of all lands of which the husband was seized in fee during the marriage. (2). Of all lands of which another was seized in fee to his use. (3). Of all lands to which, at the time of his death, he had a perfect equity, having paid all the purchase money therefor.
Title 34, § 41. Extent of widow's dower interest.—The quantity of the dower interest is as follows:
(1). When the husband dies leaving no lineal descendants and his estate is not in-

solvent, his widow is entitled to be endowed of one-half his lands.
(2). If in such case his estate is insolvent, to one-third part thereof.
(3). When there are lineal descendants, then to one-third part thereof, whether the estate be solvent or not.

5. Title 34, § 42. Effect of separate estate on dower.—If any woman having a separate estate survive her husband, and such separate estate, exclusive of the rents, incomes, and profits, is equal to, or greater in value than her dower interest and distributive share in her husband's estate, estimating her dower interest in his lands at seven years' rent of the dower interest, she shall not be entitled to dower in, or distribution of, her husband's estate.

rather than the conventional dower. The court, therefore, added the commuted value of her dower, $8,820.00, to her distributive share, $63,416.46, subtracted the value of her separate estate, $29,373.28, and awarded her the gross sum of $42,863.18 outright. The commuted dower and the distributive share being non-terminable interests, the estate attempted to claim this entire amount as a marital deduction.

██ Although the government appears to argue otherwise, it seems apparent that the Covington County Court decree had the real effect of assigning to Mrs. Cox $42,863.18 as her share of the estate. However, our inquiry does not end with this determination because under the holding of the Supreme Court in Commissioner of Internal Revenue v. Bosch's Estate, 1967, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886, when "the federal estate tax liability turns upon the character of a property interest held and transferred by the decedent under state law, federal authorities are not bound by the determination made of such property interest by a state trial court." 387 U.S. at 457, 87 S.Ct. at 1779. The federal court must base its determination of the property interest received upon the rulings of the state's highest court; if there be no decision by that court the federal court is to determine the relevant state law itself. Applied to this case the Bosch rule means that if the award of non-terminable commuted dower made by the Covington County Court was valid under Alabama law, then the taxpayer is correct in asserting that this interest qualifies for the marital deduction. United States v. Hiles, 5 Cir. 1963, 318 F.2d 56; United States v. Crosby, 5 Cir. 1958, 257 F.2d 515. On the other hand, if as a matter of state law such an interest should not have been awarded to Mrs. Cox under the circumstances of this case, then the government is not bound by the award, and for federal tax purposes the estate will be treated as if Mrs. Cox actually received the interest she should receive under Alabama law. Commis-

sioner of Internal Revenue v. Bosch's Estate, supra; Schmidt v. United States, D.Kan. 1968, 279 F.Supp. 811.

In determining that it was required to award Mrs. Cox the cash value of her dower interest rather than the conventional life estate in her husband's land, the Covington County Court relied upon Glenn v. Glenn, 1868, 41 Ala. 571, wherein the Alabama Supreme Court remarked that if the wife had a separate estate less than her dower and distributive share, she had no right to dower but only a money allowance in lieu of dower. Glenn v. Glenn, however, was overruled in a subsequent appeal, sub nom, Billingslea v. Glenn, 1871, 45 Ala. 540. The Covington County Court dismissed the Billingslea case as not controlling on this point, a conclusion with which we cannot agree. In Billingslea the court said:

"Section 2381 of the Revised Code provides that if the separate estate be less than the dower and distributive share, so much shall be allowed as will make it equal. Does this mean that her separate estate shall deprive the widow of her life estate in a portion of the lands of her husband, and compel her to take the equivalent? The statute does not say so, nor is such an interpretation imperative. On the contrary, if she cannot have her life estate in the full proportion of the lands, she may take it in less, and if the heir insists on it, perhaps, must do so. Because she cannot have a thousand acres for life, may she not have five hundred? The common law regards a life estate in lands as superior to an absolute estate in personal property, and favors dower. The statute prescribing an equivalent under certain circumstances is in restraint of dower, and should be strictly construed." 45 Ala. at 545.

Were this insufficient to toll the death knell for the decision in Glenn, the Billingslea court went on to make its holding unquestionably clear:

"This opinion is not in accord with the judgment of this court, when the

case was here before under the title of Glenn v. Glenn, 41 Ala. 571, or with that in Steadman v. Steadman, 41 Ala. 473. The principles announced in them have not as yet affected to any considerable extent the interests of the people. They were the conclusions of a majority only of the court, from which the Chief Justice dissented in a most clear and conclusive argument. We are constrained to overrule them so far as they differ from the decision in this case." 45 Ala. 547.

Much later in Merchants' National Bank of Mobile v. Hubbard, 1931, 222 Ala. 518, 133 So. 723, 74 A.L.R. 646, the Alabama Supreme Court furnished the proper method for computing the widow's share of her husband's estate under what is now Title 34, § 43:

"But we are called upon to give a proper construction of section 7430 on a point which has not heretofore arisen. The inquiry is whether the separate estate, when less than the dower and distributive share should be deducted from the dower or distributive share or both, and in what proportions. The statute furnishes no express guide. We find no authority elsewhere in point. We must therefore endeavor to interpret the statute in this respect to effectuate its true purpose and intent. Under her dower right she gets an amount of realty for life. Under her right as distributee she gets the absolute ownership of personalty. Would not a just meaning be that she gets realty to the extent she does not possess realty, and that she gets personalty to the extent in value she does not possess personalty? Not a final result but by way of initial calculation. In other words, if she has personalty more than her distributive share, the difference is to be deducted from her dower rights, and no distributive share is awarded. And so if she has realty of value in excess of dower, the difference comes off the distributive share, and no dower is assigned. If her personalty is less than her distributive share and she has no realty, it is deducted from her distributive share, and so likewise her realty from her dower. If she has personalty less in value than her distributive share, and realty less in value than her dower, the deduction is made respectively." 133 So. at 730.

It is clear from the foregoing that far from requiring the Covington County Court in these circumstances to commute the wife's dower to a fixed sum in money, the Alabama law favors dower and requires that in so far as her separate estate does not exceed her distributive share, which Mrs. Cox's separate estate did not, the widow be given her full conventional dower rights.

The taxpayer, however, relies upon United States v. Hiles, *supra,* and United States v. Crosby, *supra,* for the proposition that under Alabama law a widow may elect to take the commuted value of her dower interest. We do not, however, read either case as standing for this proposition. In the first place, both *Hiles* and *Crosby* were decided before Commissioner of Internal Revenue v. Bosch's Estate, *supra,* and the validity of the state decrees for lump sum settlements in lieu of dower were not questioned. Further, in both cases the court indicated that commuted dower was being assigned because some special circumstance existed. In *Crosby* the sale of the husband's real property was necessary in order to pay the estate debts. In Hiles the court, without giving the reason, merely noted that dower could not be assigned by metes and bounds.

Upon investigation we find that the Alabama statutes allow the widow to elect to take a lump sum award in lieu of dower in only three situations. Compensation in gross is allowed if both parties agree when the land out of which dower is demanded has been sold to another by the husband prior to his death.[6]

---

6. Title 34, § 62. Dowable of value of land; interest paid annually, unless certain sum agreed to.—In such case the widow is dowable of the value of the land at the

Title 61, § 271 [7] provides that "in all cases where the lands of the decedent can be ordered sold, the widow may consent that her dower interest be sold." In such a case Title 61, § 272 [8] requires that the court, upon request of the widow, order the personal representative to pay the widow a fair equivalent of her dower interest. It appears, however, that the lands of a decedent can be ordered sold only when the personal property in the estate is insufficient to pay the debts [9] or for division.[10]

■ Apart from these three situations, prior alienation, insufficient personalty, and division, we have neither been cited to nor have we found a single instance where a court under Alabama law has awarded a widow commuted dower. We conclude, therefore, that the computation provided in Title 34, § 43 whereby the wife's dower interest is valued at seven years' rent is solely for the purpose of determining whether the wife's separate estate exceeds the value

of her dower right and her distributive share. Once used for this purpose the artificial value of her dower right is of no further use in determining her share of the deceased husband's estate because under that section she is neither required to accept nor allowed to elect to take this value in lieu of her life estate in her husband's land. Rather, absent the special circumstances mentioned above, the wife is entitled to conventional dower and her share of the personalty reduced as demanded by her separate estate.

We are further convinced that this determination is correct by the fact that in those situations where the Alabama law does allow the wife to elect to take a lump sum, the seven years' rent value provided by Title 34 § 43 is not used to compute the amount she receives. Under Title 34, § 62 involving land sold by the husband in which the wife still has a dower right, the amount, if any, received in gross by the widow from the buyer is an amount they both agree upon

time of the voluntary or involuntary alienation, the interest on one-third part thereof from the death of the husband, to be paid to her annually, during her life, and secured, if necessary, by a lien on the land, unless the parties agree to a compensation in gross, which the court must give effect to.

7.  Title 61, § 271. With widow's consent, dower may be sold.—In all cases where, under the provisions of this subdivision, the lands of a decedent can be ordered to be sold by the probate court, the widow may file in the office of the judge of probate her written consent, that her dower interest in the land may be sold, so as to vest in the purchaser the complete title; and thereupon, the court must order such dower interest to be sold with the residue of the lands.

8.  Title 61, § 272. Value of dower interest; how fixed and paid.—When the sale is confirmed, the court, on application of the widow, must make an order that a fair equivalent for the dower interest be paid to her by the personal representative, when the purchase money is collected, the value of such interest to be ascertained by proof, having regard to the age and

health of the widow, but in no case to exceed one-third of the purchase money.

9.  Title 61, § 253. When order of sale granted.—On the hearing of such application, if the court is satisfied that the personal property of the estate is insufficient to pay the debts, and when the application is by an executor or administrator with the will annexed, that no power is given by the will for that purpose, the court may direct the sale of all, or such portion of the real estate as may be necessary to pay the debts; and such sale may be had on such credit as the court may direct, not exceeding two years.

10.  Title 61, § 254. Sale of land for division; proof of application; order of sale. —The facts stated in an application to sell land for distribution may be proved or disproved by the deposition of disinterested witnesses, or by oral examination of disinterested witnesses in open court, which must be reduced to writing, filed and recorded; and if the facts stated in such application are proven to the satisfaction of the court by the evidence, the court may order a sale of the land, which must be sold on such terms as the courts may direct, not exceeding a credit of three years.

as the value of her right. Under Title 61, § 272 the amount paid the widow when the dower lands are sold during administration to pay debts or for division is "a fair equivalent for the dower interest * * * the value of such interest to be ascertained by proof, having regard to the age and health of the widow, but in no case to exceed one-third of the purchase money."[11]

■ Since Mrs. Cox's separate estate was personalty and less than her distributive share of her husband's personalty, her share of the personalty should be reduced by the amount of her separate estate as provided in Merchants' National Bank of Mobile v. Hubbard, 1931, 222 Ala. 518, 133 So. 723, 74 A.L.R. 646. There being no special conditions justifying the award of a lump sum in lieu of dower, Mrs. Cox should have been awarded her full dower interest, a life estate in one-third of her husband's lands. Commuted dower cannot be an ad hoc determination. It must have a firm, defined, definite statutory or precedential basis. For federal estate tax purposes, the estate therefore will be treated as if Mrs. Cox did receive the interests she should have received under Alabama law, a non-terminable interest in personalty, which is eligible for the marital deduction, and a terminable dower interest, which is ineligible for that deduction. This the Commissioner allowed. The Estate deserves no more and we affirm the holding of the court below on this issue.

## II.

The taxpayer also complains that the Commissioner erred in charging Mrs. Cox's marital share with its portion of the federal estate taxes. Section 2056 (b) (4) (A)[12] of the Internal Revenue Code provides that the amount of the marital deduction otherwise allowable shall be reduced by the amount of any federal estate tax the surviving spouse must pay. Thus, by determining that Mrs. Cox's share of the estate was liable for its portion of the estate tax due, the government reduced the amount of the marital deduction allowed the estate by the amount of the tax assessed against Mrs. Cox's share, $14,411.91.

The court below, despite the fact that the Covington County Court had entered a decree relieving the wife of any tax burden, sustained the government's contention and reduced the marital deduction by the amount of the estate tax assessed against Mrs. Cox's share of the estate. The taxpayer appeals, claiming that under Alabama law Mrs. Cox's marital share was free of any tax burden.

■■ It is clear that the part of a decedent's estate which is to suffer the burden of the federal estate tax is determined by state law. Riggs v. Del Drago, 1942, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106. The question before us, therefore, is whether a dissenting widow's portion of her husband's estate is under Alabama law burdened with the payment of its share of the federal estate tax. Since the Supreme Court of Alabama appears never to have faced this issue, it is up to this court to determine as best it can what the Alabama courts would decide.

■ The general rule is that when neither the will nor the law of the state provides otherwise, the burden of both federal and state taxes rests on the general estate and is not apportioned among legatees. Y.M.C.A. of Columbus, Ohio v. Davis, 1924, 264 U.S. 47, 44 S.Ct. 291, 68 L.Ed. 558. In other words,

---

11. See note 8, *supra*.

12. § 2056(b)

   *     *     *     *     *

   (4) Valuation of interest passing to surviving spouse.—In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section—

   (A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest;

a specific legacy given in a will passes to the legatee unreduced by its proportionate share of the estate tax unless the will or a state statute directs otherwise.

Alabama has no apportionment statute placing the burden of estate taxes on each beneficiary. In fact, Alabama has enacted the antithesis of such a statute and provided in Title 51, § 449 that:

"§ 449(1). State and federal estate taxes to be paid out of estate property; a charge against residue.—Unless the decedent directs otherwise in his will, all estate taxes, whether state or federal, payable by reason of the death of the decedent, shall be paid by the executor or other personal representative out of the estate property, and shall be a charge against the residue thereof, and the executor or other personal representative shall be under no duty to recover from anyone for the benefit of the estate the pro rata portion of the estate tax attributable to inclusion in the gross estate of any property, including proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor or other personal representative, which does not pass to the executor or other personal representative as a part of the estate.

"This section shall apply to the estates of all decedents who shall die on or after the effective date hereof."

This statute has obviously placed Alabama among those states following the general rule that the burden of the estate taxes shall be on the general estate rather than being apportioned among the beneficiaries.

The government, however, contends that in this case because the wife dissented from the will and took her intestate share she was a residuary legatee and therefore chargeable with her proportionate share of the estate tax. We think this argument is without merit.

The obvious reason for the general rule of non-apportionment of estate tax burdens is to protect specific legacies from reduction due to estate taxes. Alabama has chosen to follow this rule. Title 51, § 449. Further, under Alabama law the widow's marital share upon dissent from her husband's will is treated with greater protection than specific bequests which lapse if necessary when she elects to take against the will. Merchants' National Bank of Mobile v. Hubbard, 1931, 222 Ala. 518, 133 So. 723, 74 A.L.R. 646. Over a century ago the Alabama Supreme Court expressed its reverence for the widow's rights in Perrine Ex'rs v. Perrine, 1860, 35 Ala. 644:

"Lord Coke said, that 'three things are favored in law—life, liberty and dower,' * * * It is not dower itself, however, but the purpose of dower—namely, the support of the widow—which the law favors. And statutes which have for their design the support of the widow out of the estate of the husband, must be regarded with the same favor, and administered with the same liberality extended to dower; and for the same reason, that the widow is a favorite of the law." 35 Ala. at 647.

It is unthinkable that Alabama which protects specific bequests from reduction due to the estate tax would not also protect the more favored marital share of the widow.

■ Furthermore, Alabama has provided under Title 16, § 10 [13] that the

13. Title 16, § 10. Distribution of personal estate.—The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed in the same manner as his real estate, and according to the same rules; except that the widow, if there are no children, is entitled to all the personal estate, or, if but one child, she is entitled to one-half; if more that

wife's marital share of personalty descends subject only to the debts and charges against the estate. Title 61, § 218 [14] lists the order and preference of estate debts and specifically includes taxes only to the extent that they were assessed prior to the decedent's death. The federal estate tax liability, as the government admits, arises only upon the decedent's death. It therefore does not qualify under Title 61, § 218 as a debt which is to be paid before the wife's one-third marital share is computed under Title 16, § 10. This demonstrates a clear legislative policy on the part of Alabama that the wife's distributive share of her husband's estate should not be burdened with any liability for the federal estate tax.

The marital share is a carved out interest, not one in hotch pot with others such as we find in the fraternization of residuary legatees who under Alabama law would share the estate tax burden. Trepidly, but nonetheless decisively, we conclude that Alabama would not cast the marital share to such a low estate. See Robertson v. United States, N.D.Ala. 1968, 281 F.Supp. 955; Snodgrass v. United States, N.D.Ala., 308 F.Supp. 440 (Nov. 12, 1968).

We therefore hold that the court below erred when it held that Mrs. Cox's marital share should be charged with its proportionate amount of the federal estate tax. Thus, the marital deduction allowed the Cox estate should not be reduced by the amount of the estate tax erroneously charged against Mrs. Cox's marital share.

Affirmed in part, reversed in part.

---

one, and not more than four, children, to a child's part; and if more than four children, to one-fifth.

14. Title 61, § 218. Order and preference of payment of debts.—The debts against the estates of decedents are to be paid in the following order:

1. The funeral expenses.

2. The fees and charges of administration.

3. Expenses of the last sickness.

4. Taxes assessed on the estate of the decedent previous to his death.

5. Debts due to employees, as such, for services rendered the year of the death of the decedent.