J.C. McALEER, as Administrator c.t.a. of the Estate of Willard Henry Jernigan, Jr., deceased, Plaintiff-Appellant,

v.

Jewell A. JERNIGAN, Defendant-Appellee.

No. 86–7275

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 25, 1986.

Johnstone, Adams, Howard, Bailey & Gordon, Wade B. Perry, Jr., Gregory R. Watts, Mobile, Ala., for plaintiff-appellant.

Charles H. Erwin, Mobile, Ala., for defendant-appellee.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

TJOFLAT, Circuit Judge:

Willard Jernigan, Jr. died on November 10, 1983, and J.C. McAleer was appointed as administrator of the estate.[1] Jewell Jernigan and the decedent had been married at one time, but were divorced prior to his death. Jewell Jernigan was the beneficiary of several policies of insurance on the life of the decedent and received the insurance proceeds upon his death. The life insurance proceeds were included in the decedent's estate for federal estate tax purposes. McAleer paid the federal estate tax due and brought this suit against Jewell Jernigan, pursuant to 26 U.S.C. § 2206 (1982), to recover a pro rata share of the estate taxes paid due to the inclusion of the life insurance proceeds in the gross estate of the decedent. The district court granted Jernigan's motion for summary judgment, entered judgment in her favor, and McAleer promptly filed a notice of appeal. We reverse.

■ The resolution of this dispute is plainly governed by federal statute. That statute provides, in pertinent part, that

[u]nless the decedent directs otherwise in his will, if any part of the gross estate on which tax has been paid consists of proceeds of policies of insurance on the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the taxable estate.

26 U.S.C. § 2206 (1982). The decedent's will contains no provision on point. The statute could not speak more clearly. If the decedent does not, in his will, specify otherwise, the executor may recover from the life insurance beneficiary that portion of the total estate tax attributable to the inclusion of the insurance proceeds in the gross estate.

The district court, citing *Cox v. United States*, 421 F.2d 576 (5th Cir.1970),[2] recited the general principle that state law determines which part of a decedent's estate suffers the burden of the federal estate tax. The court then referred to Ala.Code § 40–15–18 (1975), which provides, in pertinent part, that

[u]nless the decedent directs otherwise in his will, all estate taxes, whether state or federal, payable by reason of the death of the decedent, shall be paid by the executor or other personal representative out of the estate property and shall be a charge against the residue thereof, and the executor or other personal representative shall be under no duty to recover from anyone for the benefit of the estate the pro rata portion of the estate tax attributable to inclusion in the gross estate of any property, including proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor or other personal representative, which does not pass to the executor or other personal representative as a part of the estate.

The district court reasoned that, under *Cox*, state law governs who bears the burden of federal estate taxes, and under applicable Alabama law, Ala.Code § 40–15–18, that burden is allocated to the residue of the estate. The court therefore concluded that 26 U.S.C. § 2206 did not authorize the executor of the estate to recover from the life insurance beneficiary a portion of the tax paid. The district court construed section 2206 as applying only if the residue

1. McAleer was duly appointed the personal representative of the decedent's estate and is referred to in the record as "Administrator c.t.a." For convenience, we will refer to him as the executor of the estate.

2. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

of the estate is insufficient to pay the tax due, which was not true in this case.

 The district court's reasoning is faulty in the following respect. *Cox* states the general rule that, as between the various beneficiaries of the estate, state law governs who shall bear the burden of estate taxes. *Cox* does not speak to allocation of a part of the tax burden to a life insurance beneficiary who takes the insurance proceeds outside of the estate. The court in *Cox* based its decision on the seminal case in this area, *Riggs v. Del Drago,* 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942). In *Riggs,* a constitutional challenge was raised to a state statute which provided that estate taxes were to be spread proportionately among the distributees or beneficiaries of an estate. The Supreme Court upheld the state statute, concluding that "Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable state law ... should govern ... the ultimate impact of the federal tax." *Id.* at 97–98, 63 S.Ct. at 110. The Court proceeded to a discussion of section 826(c) of the tax code, which is the predecessor of current section 2206 and similarly provided that an executor could proceed against a life insurance beneficiary for a proportionate share of the estate taxes. The Court stated that section 826(c) dealt "with property which does not pass through the executor's hands." *Id.* at 101–02, 63 S.Ct. at 112. The fact that Congress specifically determined that, as to life insurance proceeds, the beneficiary was to bear some of the burden of estate taxes did not alter the Court's conclusion that, "as to properties actually handled as part of the estate by the executor," Congress intended state law to determine the burden of estate taxes. *Id.* Thus, under the reasoning of *Riggs,* in the absence of congressional enactments to the contrary, state law governs the allocation of the burden of taxes as to property that is part of the estate, and where Congress has spoken, as with life insurance proceeds not part of the estate, federal law governs.

 There are thus two possible conclusions that could be reached in this case. The Alabama statute, section 40–15–18, could be read to conflict directly with the federal statute. In that instance, federal law would permit the executor to recover a portion of the estate taxes from the life insurance beneficiary and Alabama law would preclude such recovery. If that is the case, federal law must prevail. Alternatively, the Alabama statute could be read as negating any duty on the part of the executor to seek recovery from the life insurance beneficiary, but not preventing the executor from seeking such a recovery. In that event, federal law would allow the executor to recover. In either case, the district court erred in entering judgment on behalf of Jernigan.

Accordingly, the district court's judgment is reversed and the case is remanded for proceedings consistent with this opinion.

REVERSED and REMANDED.