PAINE, Senior District Judge:
Defendants-Appellants, United States of America and United States Department of Education appeal a judgment entered by the United States District Court for the Southern District of Alabama. For the reasons stated below, we reverse and remand to the district court for the entry of judgment for Appellants.

Facts

On July 10, 1986, Plaintiff-Appellee, Clarence Bosarge (“Bosarge”), executed a promissory note and received a loan in the amount of $3,265.00 from Florida Federal Savings and Loan Association (“Florida Federal”) to attend the United States Training Academy. The loan was guaranteed by the Higher Education Assistance Foundation (“HEAF”), a private non-profit corporation that operates as a guarantee agent under the Guaranteed Student Loan Program, 20 U.S.C. §§. 1071 to 1087-2. HEAF in turn entered into a reinsurance agreement with the United States Department of Education (“DOE”).
Bosarge subsequently fell into default by failing to make timely payments on the loan despite demand. Florida Federal made its final demand for payment on August 10, 1988. Receiving no response, Florida Federal filed a default claim with HEAF, which paid the defaulted loan amount of $1,927.65 then obtained reimbursement from DOE under the reinsurance agreement.
Pursuant to its agreement with DOE, HEAF attempted to collect the student loan. Failing in this effort, HEAF sent , written notice to Bosarge that, if the past-due payments were not made, it would certify the debt to DOE for the initiation of proceedings to offset any federal income tax owed to Bosarge against the loan balance. The notice further informed Bosarge of his right to request a telephonic hearing in order to review the proposed offset.
On March 11, 1991, Bosarge filed and recorded in the Mobile County Probate Court a *1416 notarized Declaration and Claim of Exemption, in which he claimed his 1990 federal income tax refund, valued at $1,200.00, to be exempt from debt collectors under Alabama law. He notified HEAF and DOE in writing of this claimed exemption.
Bosarge thereafter exercised his right to a telephonic hearing regarding the proposed offset, which was conducted by HEAF on June 6, 1991. During the hearing, Bosarge stated that his 1990 federal income tax return listed a refund of $1,225.87 and reiterated his claim of exemption. The HEAF representative conducting the hearing rejected Bosarge’s objections to offset.
HEAF certified and assigned the loan to DOE, which referred the matter to the Internal Revenue Service (“IRS”) for offset. IRS subsequently notified Bosarge that his 1990 tax refund of $1,225.87 had been intercepted and applied toward repayment of his student loan.
On November 11, 1991, Bosarge filed suit in the United States District Court for the Southern District of Alabama against the United States of America (“USA”), DOE, HEAF, and IRS, seeking an injunction to prevent the offset procedure, a declaratory judgment that his tax refund was exempt from offset, judicial review of the administrative decision that the refund was not exempt, and recovery of the tax overpayment subject to offset on the theories of conversion and money had and received.[1] USA and IRS moved to dismiss for failure to state a claim, HEAF counterclaimed for $1,225.87 in the event that the offset was disallowed, and all four Defendants moved for summary judgment. Bosarge conceded that IRS was enti-tied to judgment. The remaining summary judgment motions were referred to a United States Magistrate Judge for recommended disposition.
In a Report and Recommendation signed July 24, 1992,[2] the magistrate judge made detailed findings of fact, then concluded that, because the federal offset statutes make no allowance for state law exemptions from debt collection, Congress clearly intended to allow interception of federal tax refunds despite a claim of exemption. He rejected Bosarge’s argument that a separate federal statute, the Federal Debt Collection Procedures Act of 1990 (“FDCPA”), by incorporating state law exemptions, demonstrated congressional intent to honor such exemptions in tax intercept proceedings. The magistrate judge also noted that permitting Bosarge to shield his refund under state law would severely undermine the strong federal policy in favor of collecting student loans. He therefore recommended that the Defendants’ motions for summary judgment be granted.
On September 29, 1992, the district court adopted the magistrate judge’s findings of fact, but significantly modified his conclusions of law.[3] The court stated that the case against DOE for money had and received boiled down to the single question of whether the offset statutes or FDCPA applied to these facts. Relying on the maxim that “[Rater federal statutes take precedence over earlier ones,” the district court held that FDCPA, which recognizes state law exemptions, controlled. Bosarge was thus awarded a judgment against DOE for $1,225.87 in money had and received.[4],[5]
*1417 On November 25, 1992, USA and DOE filed a Notice of Appeal to this Court.[6]

Standard of Review

A grant of summary judgment is reviewed de novo on appeal. E.g., Vernon v. FDIC, 981 F.2d 1280, 1232 (11th Cir.1993). Where, as here, the issues raised were decided as a matter of law, the district court order is subject to complete and independent review by the appellate court. See Peterson v. Atlanta Housing Auth., 998 F.2d 904, 911 (11th Cir.1993).

Statutory Framework

This case involves the relationship between and among the federal tax refund offset provisions, the Federal Debt Collection Procedures Act of 1990, and state personal property exemption laws, a matter not previously addressed in a reported decision. Our analysis begins with the language of these three sets of laws.
1. The Federal Tax Refund Offset Provisions
As part of the Deficit Reduction Act of 1984, Congress enacted legislation permitting any federal agency owed an overdue debt to intercept the debtor’s federal income tax refund. The Internal Revenue Code includes the general provision that
Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt (other than any OASDI overpayment and past-due support subject to the provisions of subsection (e)) to such agency, the Secretary [of the Treasury] shall— .
(A) reduce the amount of any overpayment payable to such person by the amount of such debt;
(B) pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and
(C) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt.
26 U.S.C. § 6402(d)(1).
A separate statute relating to money and finance sets forth the tax intercept procedure in more detail:
(a) Any Federal agency that is owed a past-due legally enforceable debt ... by a named person shall, in accordance with regulations issued pursuant to subsections (b)and (d), notify the Secretary of the Treasury at least once a year of the amount of all such debt.
(b) No Federal agency may take action pursuant to subsection (a) with respect to any debt until such agency—
(1) notifies the person incurring such debt that such agency proposes to take action pursuant to such paragraph with respect to such debt;
(2) gives such person at least 60 days to present evidence that all or part of such debt is not past-due or not legally enforceable;
(3) considers any evidence presented by such person and determines that an amount of such debt is past due and legally enforceable;
(4) satisfies such other conditions as the secretary may prescribe to ensure that the determination made under paragraph (3) with respect to such debt is valid and that the agency has made reasonable efforts ... to obtain payment of such debt.
(5) certifies that reasonable efforts have been made by the agency (pursuant to regulations) to obtain payment of such debt.
(c) Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt, the Secretary of the Treasury shall determine whether any amounts, as refunds of Federal taxes paid, are payable to such person. If the Secretary of the Treasury finds that any such amount is payable, he shall reduce such refunds by an amount equal to the amount of such debt, pay the amount of such reduction to such agency, and noti *1418 fy such agency of the individual’s home address.
81 U.S.C. § 3720A.
The statute, on its face, makes no allowance for state law personal property exemptions. To the contrary, the only stated defense that a debtor can present is that “all or part of such debt is not past-due or not legally enforceable.” 31 U.S.C. § 3720A(b)(2).
2. The Federal Debt Collection Procedures Act
FDCPA, 28 U.S.C. §§ 3001-3308 (Supp. Ill 1991), was enacted in 1990 to- create “a uniform federal framework for the collection of Federal debts in the Federal courts.” H.R.Rep. No. 101-736, 101st Cong., 2d Sess. 23 (1990), reprinted in 1990 U.S.C.C.A.N. 6472, 6630, 6631. The statute first broadly defines its intended scope:
§ 3001 Applicability of chapter
(a) In general. — Except as provided in subsection (b), the chapter provides the exclusive civil procedures for the United States—
(1) to recover a judgment on a debt; or
(2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim.
(b) Limitation. — To the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter.
FDCPA thereafter defers to other specific laws and remedies, which do not include the tax refund offset statutes by name or number, but do include the right of set-off:
§ 3003 Rules of construction
(c) Effect on other laws. — This chapter shall not be construed to supersede or modify the operation of—
(6) the common law or statutory rights to setoff or recoupment.
Finally, unlike the tax refund offset statutes, FDCPA expressly recognizes exemptions from its own procedures:
§ 3014 Exempt Property
(a) Election to exempt property. — An individual debtor may, in an action or proceeding under this chapter, elect to exempt. ...
(2) (A) any property that is exempt under ... State or local law that is applicable on the date of the filing of the application for a remedy under this chapter at the place in which the debtor’s domicile has been located for the 180 days immediately preceding the date of the filing of such application....
3. ‘ Alabama Personal Property Exemption Law
The Alabama Constitution of 1901 provides that any state resident may select personal property worth up to $1,000.00 to be “exempt from sale or execution, or other process of any court....” Ala. Const, art. X, § 204. The Code of Alabama raised to $3,000.00 the value of - personal property, other than “wages, salaries and other compensation,” that may be claimed as “exempt from levy and sale under execution or other process for the collection of debts.” Ala. Code § 6-10-6 (1975).'

Analysis

Because the federal tax refund offset statutes do not recognize state law personal property exemptions while FDCPA does, the threshold question is which federal statute applies. The district court invoked the principle of construction that, when two statutes irreconcilably conflict, the more recent statute controls. See, e.g., Radzanower v. Touche Ross & Co., 426 U.S. 148, 154, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976). As the Appellants point out, however, the tax refund offset statute has been amended since FDCPA was passed in 1990, raising a real doubt as to which one represents the more recent statement of congressional intent. Cf. Energy Transp. Group, Inc. v. Maritime Adm’r, 956 F.2d 1206, 1214 (D.C.Cir.1992). In addition, the tax refund offset statutes authorize a single method of debt collection, *1419 while FDCPA addresses a panoply of collection remedies. Thus, the appropriate principle of construction might be that “a more specific statute will be given precedence over a more general one, regardless of their temporal sequence.” Busic v. United States, 446 U.S. 398, 406, 100 S.Ct. 1747, 1752, 64 L.Ed.2d 381 (1980).
In any event, resort to these principles is unnecessary, because the statutes do not conflict. FDCPA expressly disclaims any intent to “supersede or modify the operation of ... statutory rights to set-off'.... 28 U.S.C. § 3003(e)(6).” The district court held that the federal tax refund intercept was not an act of set-off because mutuality of obligation was lacking: Bosarge owes money to DOE, while IRS owes money to Bosarge. But in Cherry Cotton Mills, Inc. United States, 327 U.S. 536, 539-40, 66 S.Ct. 729, 730, 90 L.Ed. 835 (1946), the United States Supreme Court permitted the Treasury Department to issue a tax refund check directly to the Reconstruction Finance Corporation, a government agency, in payment of a separate debt owed by the taxpayer on a promissory note. The Supreme Court focused primarily on jurisdictional issues, but “it was implicit in the opinion that the right of setoff existed.” Luther v. United States, 225 F.2d 495, 498 (10th Cir.1954) (allowing offset of income tax refund against taxpayer’s debt to Commodity Credit Corporation as mutual obligations). The federal tax refund intercept statutes essentially codify the method of debt collection employed in Cherry Cotton Mills. One bankruptcy judge has aptly noted that, “[f]or Federal budgetary and debt collection purposes, 31 U.S.C. § 3720A treats Federal agencies as if they were the same entity.” In re Hancock, 137 B.R. 835, 846 (Bankr.N.D.Okl.1992) (emphasis removed).[7] We hold that 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720A establish “statutory rights of set-off,” taking the intercept procedure outside the scope of FDCPA and its express recognition of state law personal property exemptions. See Jones v. Cavazos, 889 F.2d 1043 (11th Cir.1989) (describing 31 U.S.C. § 3720A as an “offset”).[8]
Bosarge argues that, independent of FDCPA, Alabama state law restricts the federal government’s statutory right to intercept federal income tax refunds. But the laws are in direct conflict, as the federal statutes provide that an agency owed a debt “shall” so notify IRS, which “shall” pay the debtor’s federal income tax refund to the agency, while the Code of Alabama prohibits any “process for the collection of debts.” Thus, under the doctrine of preemption, which is based upon the Supremacy Clause of the United States Constitution,[9] the federal law must control. See United States v. Mitchell, 403 U.S. 190, 204, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406 (1971) (exempt status under state law does not bind federal tax collector); McAleer v. Jernigan, 804 F.2d *1420 1231, 1238 (11th Cir.1986) (federal law controls conflicting Alabama law).[10]
Finally, Bosarge seeks a “fairness” exception to the federal income tax offset statutes, claiming that his refund consisted primarily of an earned income tax credit, a benefit available only to low-income families with dependent children.[11] The earned income tax credit was enacted by Congress in 1975 as “an added bonus or incentive for low-income people to work-” S.Rep. No. 94-36, 94th Cong., 1st Sess. 11 (1975), reprinted in 1975 U.S.C.C.A.N. 54, 64. Bosarge claims that legislative intent would be subverted if a working family loses its tax credit though an offset.
In Sorenson v. Secretary of Treasury, 475 U.S. 851, 865, 106 S.Ct. 1600, 1609, 89 L.Ed.2d 855 (1986) however, the United States Supreme Court rejected the same policy argument directed to a similar statute authorizing the offset of federal income tax refunds to pay past-due child support. The Supreme Court relied on the plain language of the Internal Revenue Code, which in successive sections provides that “[i]f the amount allowable [as an earned income tax credit] exceeds the tax imposed ..., the amount of such excess shall be considered an overpayment” and “[t]he amount of any overpayment ... shall be reduced by the amount of any past-due support....” 26 U.S.C. §§ 6401(b), 6402(c). It then declined to balance the social goals underlying the earned income tax credit against those underlying the tax refund intercept statute.' “The ordering of competing social policies is a quintessentially legislative function.” 475 U.S. at 865.
The reasoning of Sorenson applies with equal weight herein. The Internal Revenue Code subsection immediately following the provision authorizing child support offsets permits the Secretary of the Treasury to redirect “any overpayment” due a taxpayer to a federal agency to reduce an existing debt.. 26 U.S.C. § 6402(d)(1)(A). This clear language encompasses the earned income tax credit. Moreover, the federal government’s recovery of payments made on defaulted guaranteed student loans is a matter of public importance. This Court cannot hold that the earned income tax credit embodies a more valuable social policy.

Conclusion

The federal income tax refund offset statutes, and not FDCPA, apply herein. These statutes do not recognize, but in fact preempt, the Alabama personal property exemption. DOE was therefore entitled to request, and IRS was entitled to effect, an interception of Bosarge’s 1990 federal income tax refund.
We REVERSE the district court’s grant of summary judgment for Appellee and REMAND for the entry of summary judgment for Appellants.

. Bosarge withdrew his conversion claim, but proceeded on his claim for money had and received.

. Bosarge v. United States, No. CA 91-0955-P-C, 1992 WL 406768, 1992 U.S. Dist. LEXIS 12378 (S.D.Ala. July 24, 1992).

. Bosarge v. United States, No. CA 91-0955-P-C, 1992 WL 406768, 1992 U.S.Dist. LEXIS 15569 (S.D.Ala. Sept. 29, 1992).

. Although Bosarge never moved for summary judgment, a district court may enter judgment for a nonmovant. Lindsey v. Bureau of Prisons, U.S. Dept. of Justice, 736 F.2d 1462, 1463 (11th Cir.1984), vacated on other grounds, 469 U.S. 1082, 105 S.Ct. 584, 83 L.Ed.2d 695 (1984); see also Kohlheim v. Glynn County, Ga., 915 F.2d 1473, 1478 (11th Cir.1990). Moreover, the parties agreed that the order on the Defendants' motions for summary judgment would be case dispositive.

.The court also (a) declared Bosarge's claims for injunctive and declaratory relief moot, since the tax refund had already been intercepted, (b) granted summary judgment for HEAF on the money had and received claim, because DOE, and not HEAF, effected the tax refund intercept, and (c) declared HEAF's counterclaim moot.

. Judgment was entered against DOE alone, and no ruling was made on USA’s motion for summary judgment. This apparent oversight has no bearing on our resolution of the appellate issues.

. The concept of mutuality often arises in bankruptcy proceedings, because the Bankruptcy Code preserves the “right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....” 11 U.S.C. § 553(a). Courts have split on the question whether debts owed to and by different federal agencies satisfy the requirement of mutuality in this context. See In re Lakeside Community Hosp., Inc., 151 B.R. 887, 894-95 (N.D.Ill.1993) (collecting cases). But the federal law of bankruptcy presents different and unique considerations, as payments made by one government agency to another during a bankruptcy proceeding may operate to the detriment of other creditors. In re Hancock, 137 B.R. 835, 846-47 (Bankr.N.D.Okl.1992).

. FDCPA also does not apply “[t]o the extent that another Federal law specifies procedures for recovering . on a claim or a judgment for a debt arising under such law” that "are inconsistent with this chapter.” 28 U.S.C. § 3001(b). But Bosarge’s student loan debt technically did not "aris[e] under”- the tax refund intercept law that specifies the recovery procedure. Having ruled that-the limitation regarding statutory rights of set-off applies, the Court need not decide the application of this separate limitation.

."This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.” U.S. Const. art. VI, cl. 2.

. Because Alabama law is preempted, we need not address Appellants' additional argument that the personal property exemption, by its own terms, does- not protect Bosarge’s refund from offset.

. Under the earned income tax credit, as originally enacted, ten percent (10%) of the first $4,000.00 of earned income was credited to the taxpayer, but the amount of credit was reduced as adjusted gross income increased above $4,000.00, dropping to zero when adjusted gross income reached $8,000.00. Tax Reduction Act of 1975, Pub.L. No. 94-12, 89 Stat. 26 (codified at 26 U.S.C. § 43). The provision has been renumbered and repeatedly amended, but still operates in the same basic manner. 26 U.S.C. § 32.